### CLARK v. THE STATE.

It is competent for the Circuit Court to which a change of venue has been granted, to change the venue back, upon a proper application, to the same Court that granted it.

A party by consenting to a change of venue and appearing to the action in the Court to which it is removed, waives his right to complain of any irregularity in the manner of the change.

A cause was continued by the Circuit Court until the next term, which was then fixed by law for *October*, but before *October* the legislature dispensed with or postponed the term until the spring thereafter. *Held*, that the cause was not discontinued.

An appearance after verdict waives a discontinuance.

APPEAL from the *Henry* Circuit Court.

PREKINS, J.—*Clark* was indicted in the *Henry* Circuit Court for an assault and battery with intent to murder. At the fall term, 1850, he obtained a change of venue to the *Rush*

Circuit Court, where he appeared, at the spring term, 1851, and applied for a continuance to the next term of said Court. The continuance was refused; and "thereupon [says the record], by an agreement between the said prosecuting attorney and the said defendant, this cause is remanded to the *Henry* Circuit Court for trial, and the trial thereof set for the *Thursday* of the first week of the next term of said Court." The defendant entered into a recognizance to appear thereat accordingly. At that term, spring term, 1851, he did appear. He applied for a continuance, and obtained it, to the next term of said Court. At said term, fall term, 1851, he appeared, was tried by a jury, convicted, and assigned the punishment of a fine and two years' service in the penitentiary. After the return of *the verdict, the defendant* was called for sentence, and, not appearing, was defaulted, and the cause was continued. At the succeeding spring term, 1852, the entry is that the prosecuting attorney appeared and, on his motion, the cause was " continued until the next term of this Court." The next entry is that at the spring term, 1853, " the same being the next term of said Court after the spring term, 1852," comes the prosecuting attorney, " and the said defendant in person and by counsel comes also, and moves the Court in arrest of judgment," &c.; which motion was overruled, and the defendant sentenced upon the verdict of the jury. It is assigned for error—

1. That the Court had no jurisdiction of the cause; and,

2. That it had no jurisdiction of the person.

Upon the first assignment it is argued that the cause was legally removed from the *Henry* to the *Rush* Circuit Court, and that it was not legally returned from the *Rush* to the *Henry* Circuit Court.

We think there is nothing in this point.

It was competent for the *Rush* Circuit Court to grant a change of venue in the cause back to the *Henry* Circuit Court, upon a proper application. It did grant such change, and the defendant consented to it, and afterwards appeared in the cause in the latter Circuit Court. If there

May Term,
1853.

Clark
v.
The State.

was anything irregular, therefore, in the manner of taking the change, it was waived by the defendant. In *Bosley* v. *Farquar*, 2 Blackf. 61, where an objection like that in this case was made, the Court said, "if the venue had not been regularly changed, or not changed at all, from *Orange* to *Washington*, this matter should have been rectified in the *Washington* Circuit Court before any other proceedings were had in the case. As no objection was then made, nor, in fact, made at any time in that Court, none can avail here." And in *Wilson* v. *Coles*, 2 *id*. 402, where the cause had been continued, and there was afterwards, in the same term, a trial of it, both parties being present, it was held there was no error.

Upon the second assignment of error, it is said that at the time the continuance was entered at the spring term, 1852, the law fixed the next term of the *Henry* Circuit Court in the following *October;* but afterwards, and before that time, the term in *October* was, by legislation, dispensed with or postponed until the spring of 1853; and, hence, it is insisted that there was a discontinuance; but we do not think so. It was in the power of the legislature to change, regulate, and fix the terms of the Court; and, though the time of holding a term in *Henry* county was fixed at a more remote period of time than had been designated when the continuance was entered, still the continuance was to "the next term," and no term, in fact, intervened, as the spring term, 1853, was the next term. This is one answer to the objection.

Another is, that there was an appearance in this case on the motion in arrest of judgment after the alleged discontinuance, and an appearance waives a discontinuance that may have happened by a neglect to enter the proper continuance. Our statute enacts that no judgment on a verdict, *nil dicit*, &c., shall be reversed on account of a discontinuance, &c. R. S. 1843, p. 714. Had a discontinuance happened in any previous stage of the cause, therefore, the appearance and verdict would have cured it by statute, at least in a civil case. The appearance must also waive a discontinuance after verdict. The proposi-

tion is a general one. See *Humble* v. *Bland*, 6 T. R. 255. —Bouvier's Law Dic., Titles, continuance and discontinuance.—Burrill's Law Dic., same titles.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Grose*, for the plaintiff.

*R. A. Riley*, for the state.