No. 14,672.

CONNORS v. THE STATE.

CRIMINAL LAW.—*Assault and Battery.*—*House of Public Entertainment.*— *Liquor Shop:*—A shop for the sale of intoxicating liquors is, in a sense, a house of public entertainment, and if the proprietor strikes one whom he has ordered from his premises, and who is guilty of no misconduct justifying his forcible expulsion, he is guilty of assault and battery.

From the Delaware Circuit Court.

*J. R. McMahan* and *E. M. White,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

MITCHELL, J.—Thomas Connors was found guilty of an assault and battery upon the person of Phillip Likens. He asks a reversal of the judgment on the evidence.

The evidence given on behalf of the State shows that the appellant was the proprietor of a saloon in which intoxicating liquors were sold and drank. On the 25th day of August, 1887, Likens, Harris and Carmichael were in the saloon. The latter treated his associates, and a question arose between him and the proprietor as to the amount of change due, or the denomination of a coin received by the appellant from Carmichael. The latter appealed to his comrades, who corroborated his assertion that he had laid down a half-dollar, and not a quarter, as the appellant asserted. Thereupon the appellant ordered Likens out of the saloon, the latter saying he would depart as soon as he lighted his cigar. He was told a second time to go out, and while apparently in the act of starting, the appellant struck him three blows with a "bung-starter," a kind of mallet. The blows were not severe, but in the act of warding them off and protecting himself from threatened injury, the prosecuting witness was delayed from going out, as seems to have been his purpose, without resistance.

Likens was in the appellant's saloon apparently engaged in the business ordinarily transacted there. For that purpose the place was, in a sense, a house of public entertainment, and upon the evidence, as given in behalf of the State, Likens was guilty of no misconduct justifying his forcible expulsion.

We can not interfere with the verdict and judgment.

The judgment is affirmed, with costs.

Filed Feb. 15, 1889.