Qualter v. The State.

Filed Sept. 19, 1889.

---

No. 15,060.

## QUALTER v. THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.*—*Sale on Election Day.*—*Special Election in Different Ward.*—Under section 2098, R. S. 1881, it is unlawful for a licensed vender to sell intoxicating liquors on the day of a special election for councilman in a ward different from that in which his place of business is situate.

SAME.—*Affidavit.*—*Jurat.*—*Omission of Officer's Seal.*—Where the record affirmatively shows that the affidavit upon which the prosecution is founded was sworn to, the omission of the officer to attach his seal to the *jurat* is not of such materiality as to warrant a reversal of the judgment.

SAME.—*Sunday not Dies Juridicus.*—Sunday is not a judicial day, and is not to be computed in determining the number of days in which the business of a court has not been transacted; but if it were, a party who goes to trial after three days have passed without the transaction of business waives his right to object on that ground.

From the Tipton Circuit Court.

*G. H. Gifford* and *J. M. Fippen*, for appellant.

*L. T. Michener*, Attorney General, *W. W. Mount*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

ELLIOTT, C. J.—A special election for councilman was held in the first ward of the city of Tipton on the 29th day of May, 1888, and on that day the appellant, who was a

licensed liquor seller, sold intoxicating liquor. His place of business, where the liquor was sold, was situated in the second ward of the city, in which ward no election was held, and forty rods distant from the voting place. The prosecution is founded on the statute forbidding the sale of intoxicating liquor on days on which elections are held, and on holidays. That statute declares that it shall be unlawful to sell "upon the day of any election in the township, town, or city where the same may be holden." R. S. 1881, section 2098.

There was an election held in the city of .Tipton, and in that city the appellant did sell intoxicating liquor on the day the election was held. His act was within the express words of the statute, for it declares that it shall be unlawful to sell in any city wherein an election is holden. The offence of the appellant is clearly within the words of the statute, for it forbids a sale where "any election is holden," and applies to an entire town or city. Under the strict letter of the statute, evidence of an election in the city, and of a sale on the day of the election, makes out the offence defined. All elections are embraced in the language of the statute, and it would be legislation on the part of the courts to declare that only some elections were meant. We are not prepared to assent to the argument of counsel that the act of the appellant is not within the spirit of the statute. It is obvious that a dram shop in full operation across the street from the polls, or forty rods distant, although in another ward, might do full as much mischief as one within the ward boundaries. If we should adopt the view of appellant's counsel, we should not only legislate, but we should so far cripple the statute as to make it of little effect in remedying the evil it was plainly its object to repress.

The record affirmatively shows that the affidavit on which the prosecution is founded was sworn to, and the omission of the mayor to attach his seal to the *jurat* is not of such materiality, if, indeed, of any materiality at all, as to warrant a reversal.

Sunday is not *dies juridicus,* and is not to be computed in determining the number of days in which the business of a court has not been transacted. There is no merit in appel- lant's argument that the judgment is void or erroneous be- cause three days passed without the transaction of any busi- ness, for Sunday was one of the days which he includes in his reckoning.

The appellant agreed to a submission of the cause to the court for trial after the alleged improper cessation of busi- ness, and made no objection to the action of the court in suf- fering three days to elapse without transacting business, so that even if Sunday is to be reckoned as a judicial day, he is not in a situation to now successfully complain.

Judgment affirmed.

Filed Sept. 20, 1889.