Burrell v. The State.

Filed Oct. 13, 1891.

———————◆———————

No. 15,917.

### BURRELL v. THE STATE.

GRAND JURY.—*Excusing Juror.*—*Presumption.*—Where, under section 1649, R. S. 1881, authorizing the court to excuse grand jurors from attendance for certain reasons, a grand juror is excused by the court, and the reason for his excuse is not shown by the record, it will be presumed that he was excused upon some of the grounds prescribed by the statute.

SAME.— *Vacancy.*—*Selection from By-Standers.*— Where grand jurors are excused the vacancy may be filled by a selection from the by-standers.

SPECIAL JUDGE.—*Appointment of.*—*Statute.*—Section 4 of the act of March 1st, 1855 (2 Davis Stat. 10), relative to the appointment of special judges, is still in force, except in so far as it is in conflict with the act

Burrell v. The State.

of March 7th, 1877 (Acts 1877, p. 28), and the appointment of a judge *pro tem.* by the regular judge, who is unable to preside at a term of court on account of illness, is valid.

CRIMINAL LAW.—*Change of Venue.—Defective Transcript.—Voluntary Appearance of Defendant.—Jurisdiction.*—Where the venue of a criminal cause was changed on motion of the defendant, and a transcript was filed in the clerk's office of the court to which the change of venue was taken, which transcript was defective, but it appeared by the record that after the filing of such defective transcript, the cause was continued by " consent of parties,"

*Held,* that it will be presumed that the defendant voluntarily appeared, and submitted himself to the jurisdiction of the court, and consented to a continuance; that the court had jurisdiction, the appearance and agreement constituting a waiver of any mere technical informality in the transmission and certification of the papers.

SAME.—*Assault with Intent to Kill.—Instruction.*—In a prosecution for assault with intent to kill, it is not error to refuse to charge the jury that, if the evidence showed that the defendant was not interfering with the prosecuting witness, and was seized by him, and in the effort to get away the pistol was discharged, and the prosecuting witness was injured, the defendant should be acquitted.

SAME.—*Instruction.*—Nor is it error to refuse to charge that " A saloon is a public place in which all persons that so desire may go, and no one has a right to expel another therefrom by force and violence," since those in charge of a saloon may lawfully expel therefrom one who is guilty of gross misconduct and in so doing may use such force as is reasonably necessary to accomplish that result.

From the Orange Circuit Court.

*F. Branaman, T. B. Buskirk* and *B. H. Burrell,* for appellant.

*A. G. Smith,* Attorney General, *W. T. Branaman,* Prosecuting Attorney, for the State.

McBRIDE, J.—The appellant was convicted of an assault and battery with intent to kill. He insists that the judgment of conviction is erroneous, upon several grounds. His first contention is, that the grand jury which indicted him was illegally selected and empanelled. This question he raised by a plea in abatement, to which the circuit court sustained a demurrer. The record shows that six grand jurors were regularly drawn by the clerk and jury commis-

Burrell *v.* The State.

sioner, but that only three of them appeared, one of whom was excused. The reason for his excuse is not shown by the record. The number necessary to complete the grand jury were then selected from the by-standers, and, after examination as to their qualifications, were sworn. It is not claimed that any member of the jury lacked any legal qualification, or that any fraud was practiced in their selection.

Section 1649, R. S. 1881, authorizes the court to excuse grand jurors from attendance for certain reasons. When a grand juror is excused by the court, and the reason for his excuse is not shown by the record, it will be presumed that he was excused upon some of the grounds prescribed by the statute.

Section 1651 authorizes the court, when a full jury does not attend, to complete the number from the by-standers. When the power is given to excuse a juror, the power to fill the vacancy thus occasioned, by another, possessing the necessary qualifications, is also conferred by necessary implication. The demurrer to the plea in abatement was correctly sustained.

The cause was tried before Hon. S. B. Voyles, acting as special judge, or judge *pro tem.*, of the Orange Circuit Court. The appellant contends that his appointment was without authority and void. The question is properly saved and presented. The order appointing the special judge is spread upon the record, and is as follows:

" Whereas, I, Thomas L. Collins, judge of the 42d judicial circuit court, within and for said State, of which the county of Orange forms a part, being unable on account of illness to attend and preside at the March term of the circuit court in Orange county, Indiana, in 1890, hereby appoint Samuel B. Voyles, an attorney eligible to the office of such judge, to preside at said term of said Orange Circuit Court as judge *pro tem.* thereof. Dated at Salem, March 17th, 1890.                    THOMAS L. COLLINS,
                    " Judge of Orange Circuit Court."

Burrell v. The State.

Then follow. an acceptance of the appointment and the oath of office.

The appellant's objection to the validity of this appointment is based on the assumption that the only authority for appointing a judge *pro tem.* is found in section 1381, R. S. 1881. In this he is in error. It has been several times decided by this court that section 4, of the act of March 1st, 1855 (2 Davis Stat. 10), is still in force, except in so far as it is in conflict with the act of March 7th, 1877 (Acts 1877, p. 28), and that such appointments as that in question herein are still authorized by it. *Zonker* v. *Cowan*, 84 Ind. 395; *State, ex rel.,* v. *Murdock*, 86 Ind. 124; *Bowlus* v. *Brier*, 87 Ind. 391.

The appellant also questions the jurisdiction of the Orange Circuit Court.

The indictment was returned and the prosecution was commenced in the Jackson Circuit Court. On motion of the appellant the venue was changed to the Orange Circuit Court. The order granting the change of venue was made August 19th, 1889, and the clerk was ordered to make out and transmit a transcript and the files to the Orange Circuit Court. The transcript was filed in the office of the clerk of Orange Circuit Court September 20th, 1889, but was defective.

The record of the Orange Circuit Court shows that on the 14th day of October, 1889, which was the first day of the October term, 1889, of that court, the cause was continued " by consent of parties."

At the January term, 1890, of the Orange Circuit Court, the court, on motion of the prosecutor, in the absence of the accused, granted a rule against the clerk of the Jackson Circuit Court to amend the transcript. To this counsel for the appellant, who were present, objected, and an exception was saved. March 6th, 1890, an amended and corrected transcript was filed. On the 17th day of March the appellant moved to quash and strike out the transcript. The motion was overruled, and an exception saved.

It is upon these facts that the appellant questions the jurisdiction of the Orange Circuit Court.

When the change of venue was granted and the cause ordered transferred to the Orange Circuit Court, it became the duty of the clerk of the Jackson Circuit Court to make and transmit a correct transcript, together with the files. Whenever he learned in any manner that he had forwarded an imperfect transcript, he had the right, and it was his duty, to correct his mistake, and thus comply fully with the order made. It is therefore not material whether the Orange Circuit Court was, or was not, authorized to make an order requiring him to do his duty. It is not denied that the last transcript is correct and complete.

In our opinion, if the appellant was in a position to raise the question, it would not avail him. We think, however, he is precluded by the record from raising this point, even if there is any merit in it. The record of the Orange Circuit Court shows, as above stated, that on the 14th day of October, 1889, the cause was continued "by consent of parties." While the record does not otherwise affirmatively show that the appellant was in court at that time, it will be presumed that he was, as every legal presumption favors the action of the court. *Welsh* v. *State*, 126 Ind. 71.

It will be presumed, therefore, that the accused voluntarily appeared in the Orange Circuit Court at that time and submitted himself to its jurisdiction, and consented to a continuance. At that time a transcript and the files were in fact on file in that court, and such appearance and agreement constitute a waiver of any mere technical informality in the transmission and certification of the papers.

The appellant asks that the case be reversed on the evidence. The evidence is full, and tends to sustain the verdict on every material point. We can not set the verdict aside upon that ground.

The appellant also complains of the refusal of the court to give special instructions asked by him and numbered 2,

3, 4 and 5. No. 2 is as follows: "If the evidence in this case shows that the defendant was on one of the public streets of the town of Brownstown, Indiana, at the time of this difficulty, and was not interfering with the injured party, and was seized by the injured party, and in the effort to get away from such party the pistol was discharged, and the prosecuting witness was injured, then in that case the defendant would not be guilty of any crime and should be acquitted." This instruction is erroneous upon so many grounds it is hardly necessary to particularize. We will merely suggest that it seems to have been drawn on the assumption that the only thing which could justify the seizure of the appellant by the prosecuting witness would be his "interference" with the latter, and that being seized by the prosecuting witness was in itself sufficient to justify shooting him in the effort to escape, or "get away" from him.

No. 3 is as follows: "A saloon is a public place, in which all persons that so desire may go, and no one has a right to expel another therefrom by force and violence." This the appellant insists is sustained by *Connors* v. *State*, 117 Ind. 347. That case is not susceptible of any such interpretation. True, it is there said that a saloon is, in a sense, a place of public entertainment, but those in charge of a place of public entertainment may lawfully expel therefrom one who is guilty of gross misconduct, and in so doing may use such force as is reasonably necessary to accomplish that result.

Those who are licensed in this State to sell intoxicating liquors are required to give bond that they will "keep an orderly and peaceable house," and it is not only their right but their duty to do so, and if necessary to eject therefrom those who are disorderly and quarrelsome. This will not justify them in using unnecessary force in expelling persons from their premises, and they would of course be liable if

they did so, but it can not be said that no one is authorized to expel another from a saloon.

It is unnecessary to encumber the record by copying instructions Nos. 4 and 5 asked for, for No. 4 has no bearing whatever upon the case, while No. 5 is upon the law of self-defence, and the court had already given to the jury a very fair and clear instruction covering that ground ; and it was, therefore, not error to refuse it, assuming that it stated the law correctly.

The appellant moved in arrest of judgment and his motion was overruled. The only argument advanced to show that this was error is based on the assumption that the indictment charges an assault with intent to kill. The indictment charges an assault and battery, with intent, etc., and is clearly good. There is no error in the record.

Judgment affirmed.

