## WEBBER *v*. HARDING.

[No, 19,507. Filed November 13, 1900.]

APPEAL AND ERROR.—*Motions.*—*Record.*—Where motions to strike out pleadings or exhibits are not made part of the record by bill of exceptions or by order of court they cannot be considered on appeal. *p. 411.*

CRIMINAL LAW.—*Indictment.*—*Justices of the Peace.*—*Police Judge.*— In a criminal prosecution begun before a justice of the peace or police judge it is not necessary that the charge be made by indictment or information, but the same may be made by complaint under oath under the provisions of §1694 Burns 1894. *p. 412.*

SAME.—*Prostitution.*—*Judgments.*—*Police Judge.*—A judgment rendered by a police judge, finding defendant guilty of prostitution and fixing her punishment at a fine of $5 and imprisonment in the

county workhouse for twenty days and that she stand committed to the workhouse until such fine should be paid or replevied, was sufficiently certain, and was within the power and jurisdiction of such court under the provisions of §3887 *et seq.* Burns 1894. *pp. 412, 413.*

CRIMINAL LAW.—*Prostitution.*—*Constitutional Law.*—Section 2090 Burns 1894, prohibiting females from living in and frequenting houses of ill fame is not unconstitutional as being an invasion of personal liberty. *p. 413.*

SAME.—*Mittimus.*—*Seal.*—The omission of the seal of the court from a mittimus is a mere irregularity, and does not render the mittimus void. *p. 413.*

SAME.—*Habeas Corpus.*— A mittimus issued pursuant to a judgment rendered by a police judge in a case in which he had jurisdiction of the subject-matter of the action and of the person of the defendant cannot be inquired into by a writ of *habeas corpus. p. 413.*

From the Marion Superior Court.    *Affirmed.*

*Henry W. Bullock,* for appellant.
*Taylor E. Groninger,* for appellee.

DOWLING, J.—This is a proceeding upon a writ of *habeas corpus* to obtain the discharge of the appellant from imprisonment in the Marion county workhouse. The petition charges that the appellant is restrained of her liberty by the appellee in said workhouse, by virtue of an alleged mittimus. It avers that the imprisonment of the appellant is illegal for the following reasons: (1) She was never lawfully tried, convicted, or sentenced by any court having jurisdiction over her; (2) no indictment or presentment was ever found against her by a grand jury, nor was an information filed against her; (3) no trial was had in her presence, nor was any judgment pronounced or entered in her presence; (4) no judgment of any kind was rendered before the mittimus was issued; (5) the term for which she was committed was uncertain, and exceeded the authority of the court which tried her; (6) there was no judgment defining the crime of which she was found guilty; (7) no warrant for her arrest was issued to, or served by, the proper officer; (8) the supposed judgment against the appellant, and the mittimus issued thereon, are insufficient,

in form and substance, because of their failure to state the offense; and (9) no judgment was rendered against her, nor was any writ lawfully issued for her commitment to the workhouse.

The court awarded the writ, and the appellee made his return thereto under oath. The return alleged that the appellant had been properly charged upon affidavit, before the police judge of the city of Indianapolis, in the county of Marion and State of Indiana, with living in, and frequenting a house of ill fame, in the said city of Indianapolis; that the cause came on for trial before said police judge October 16, 1900; that the appellant was, by the judgment of the said police judge duly given, convicted of said offense, and fined $5 with costs, and that it was further adjudged that she be confined in said workhouse until said fine and costs be paid or replevied; that the appellant failed to replevy such costs; and that said police judge, by his writ of mittimus, committed the appellant to the Marion county workhouse. Copies of the affidavit, warrant, docket entry, judgment, and mittimus are filed with, and made parts of, the return.

The affidavit, a copy of which was so filed as an exhibit, charged the appellant with living in and frequenting a house of ill fame (giving its location by street and number) in the said city of Indianapolis. The docket entry and judgment were in these words: "State of Indiana v. Emma Webber. No. 82. On the 16th day of October, 190-, came John Shine, and filed an affidavit charging the defendant with the misdemeanor of prostitute, upon which a warrant was issued and delivered to the superintendent of the Indianapolis police force, of the city of Indianapolis, for the arrest of the defendant, and the said superintendent now returns the same served, by bringing the defendant into court; and the defendant, having been arraigned, for plea says she is guilty as charged in said affidavit; and a trial having been had, the evidence heard,

Webber *v.* Harding.

and the court fully advised in the premises, it is now considered and adjudged by the court that the defendant— guilty as charged in said affidavit, and for her punishment the court does assess that the said defendant be imprisoned in the workhouse of Marion county for twenty days; and that she make her fine to the State of Indiana in the sum of $5, and that she pay the costs of the prosecution taxed at $10, and that the defendant stand committed in the workhouse of Marion county until said fine shall be paid or replevied. Trial and judgment rendered Oct. 16, 1900." The mittimus is regular in form, and follows the judgment.

The appellant moved to strike out the copies of the affidavit, warrant, and judgment, for the reason that they did not correspond with the affidavit, warrant, and judgment mentioned in the return, and for the further reason that the copy of the judgment set out is different from the judgment referred to in the mittimus. This motion was overruled. The appellant then excepted to the sufficiency of the return upon various grounds. All of these exceptions were overruled, and, the appellant electing to stand upon them, and refusing to plead further, judgment was rendered against her.

The errors assigned are the rulings of the court on the motion to strike out the exhibits filed with the return, and on the exceptions to the sufficiency of the return.

Motions to strike out pleadings, exhibits, and the like, must be brought into the record by bill of exceptions, or be made a part of the record by the order of the court. The first error assigned cannot be considered for the reason that it is not properly presented by bill of exceptions, or by such order. *Balue* v. *Richardson,* 124 Ind. 480; *Dudley* v. *Pigg,* 149 Ind. 363, 368, 369; Elliott's App. Proc. §190; Ewbank's Manual, §26.

The exceptions to the sufficiency of the return were, we think, properly overruled. While the return of the appel-

lee to the writ, and the exhibits filed with it, contain many slight defects and irregularities, they set forth enough to show that the appellant was lawfully restrained of her liberty, and that she was not entitled to be discharged from the custody of the appellee, as the superintendent of the Marion county workhouse. It appears from the judgment that the appellant was present in person in the police court, that she made no objection to the warrant of arrest, that she pleaded guilty to the charge against her, that she was thereupon adjudged guilty, that her punishment was fixed at twenty days' imprisonment in the Marion county workhouse, that she pay a fine of $5, and the costs of the action taxed at $10, and that she stand committed until the fine be paid. The discrepancies between the return and the exhibits filed with it constituted no ground for setting aside the return. The appellant was properly charged on complaint, under oath, with the misdemeanor of living in and visiting houses of ill fame. It was not necessary that the charge should be made by indictment or information. §§1694, 1695, 1697, 2090 Burns 1894; 1 Bishop's Crim. Proc. (3rd ed.), §§149, 152, 153, 174, 175, 176; 2 Hawkins' Pleas of the Crown, Ch. 8, §63; 12 Am. & Eng. Ency. of Law (1st ed.), §406, and note 4; 2 Chitty's Gen. Prac. 155.

The police judge had jurisdiction of the offense with which the appellant was charged. §3889 Burns Supp.

In the trial of any person in the police court for the violation of a law of this State, the court has the power to assess a fine in any sum not exceeding $500, or to adjudge imprisonment as a part of the sentence for any time not exceeding six months in the county jail, or workhouse. §3890 Burns 1894.

County boards are authorized to establish workhouses, and any person convicted of an offense punishable by confinement in the county jail may be sentenced to the workhouse instead. §§8330, 8332 Burns 1894.

Webber *v.* Harding.

The commitment in this case was for twenty days, and until the fine of $5 should be paid or replevied. This was sufficiently certain, and was within the power and jurisdiction of the police judge as conferred by the statute.

The objections urged against the constitutionality of the statute prohibiting females from living in and frequenting houses of ill fame, on the ground that it is an unwarranted invasion of the personal liberty of the citizen, are entirely without merit.

It appears from an inspection of the record that the appellant was confined in the workhouse of Marion county, of which the appellee was superintendent, by virtue of a mittimus issued by the police judge of the city of Indianapolis. The omission of the seal of the court was a mere irregularity and did not render the mittimus void. *Hunter* v. *Burnsville, etc., Co.,* 56 Ind. 213; *Mountjoy* v. *State,* 78 Ind. 172; *Qualter* v. *State,* 120 Ind. 92; *Warmoth* v. *Dryden,* 125 Ind. 355.

The mittimus was issued pursuant to a judgment rendered by the police judge in a case in which he had jurisdiction of the subject-matter of the action, and of the person of the defendant. The jurisdiction of the court, therefore, was competent, and its judgment final. Under these circumstances, no inquiry can be made into the legality of the judgment, or process whereby the appellant is in custody, nor can she be discharged before the term of her commitment has expired. §1133 Burns 1894; *Willis* v. *Bayles,* 105 Ind. 363; *McLaughlin* v. *Etchison,* 127 Ind. 474, 22 Am. St. 658. We find no error in the record. Judgment affirmed.