## STEPHENSON *v.* DALY.

[No. 25,383.   Filed October 25, 1927.   Rehearing denied July 20, 1928.]

*John H. Kiplinger, Robert H. Moore* and *Hill & New-man,* for appellant.

PER CURIAM.—This was a petition by the appellant against Walter H. Daly as warden of the Indiana State Prison, for a writ of *habeas corpus.* The petition alleges that the petitioner is unlawfully imprisoned by Walter H. Daly, warden of the Indiana State Prison, at Michigan City, Indiana, and that the pretended cause of imprisonment is as follows: That in the trial of this petitioner in the Hamilton Circuit Court, Hamilton County, Indiana, he was convicted of murder in the second degree. Judgment of the court followed, committing this petitioner to the Indiana State Prison for the remainder of his natural life and thereby placing him in the custody of this defendant, Walter H. Daly.

The appellant alleges that the imprisonment is illegal, in this, that the Hamilton Circuit Court, which committed this petitioner to the keeping of this defendant, did not have jurisdiction of the body of your petitioner or the subject-matter of the cause; that the judgment of said court was void, and that he has not been placed in the custody of this defendant for safe keeping or on any executive order, and asks that a writ of *habeas corpus* be granted and that he be discharged from such imprisonment.

The petition is in two paragraphs. The first paragraph was amended and, as amended, it and the second paragraph each allege that the indictment upon which this petitioner was tried in the Hamilton Circuit Court was returned and filed in the Marion Criminal Court, and that a change of venue was granted to the Hamilton Circuit Court, and that, by reason of certain proceedings in regard to changing the venue of the cause to the Hamilton Circuit Court, things transpired which pre-

vented the Hamilton Circuit Court from acquiring jurisdiction of the case.

The defendant filed his return as follows: The defendant, Walter H. Daly, for his return to the writ issued in said cause, says that he is warden of the Indiana State Prison and as such has the custody of the petitioner, David C. Stephenson, by the authority of a commitment which was issued on a judgment rendered in the Hamilton Circuit Court ordering the said petitioner imprisoned in the state prison during his natural life for the offense of murder in the second degree; that the term of said commitment has never been changed and has not expired, and that a copy of said commitment is marked "Exhibit 1" and filed herewith.

The judgment of the Hamilton Circuit Court in said cause, upon which said commitment was issued, is as follows:

> "It is by the court ordered and adjudged that the said defendant for the offense by him committed be imprisoned in the Indiana State Prison for and during his natural life. And that he pay and satisfy the costs and charges herein taxed at $——. And the sheriff of said Hamilton county is hereby charged with the due execution of the foregoing judgment."

Afterward, the parties appeared by counsel, and the petitioner filed exceptions to defendant's return, which exceptions were overruled by the court, and the petitioner excepted and refused to plead further and elected to stand on the exceptions to the court's ruling. Judgment was then rendered that the petition be denied, and the petitioner be remanded to the custody of the defendant.

The appellant assigns as error that the court erred in overruling appellant's exceptions and in overruling each

of them, separately and severally, to appellee's verified return to the writ of *habeas corpus*.

The court knows judicially that the Hamilton Circuit Court was and is a court of general jurisdiction in criminal cases, with full power to hear and determine all criminal charges known to the laws of the state and to render the judgment rendered in this case. This court also knows judicially that the Hamilton Circuit Court was competent to acquire jurisdiction of the person of the defendant in said cause.

It will be observed that both the petition and the return show that the petitioner is being held by virtue of a judgment of a court of competent jurisdiction. So long as that judgment stands, the petitioner cannot avoid its force by a proceeding limited to the inquiry of whether or not the court rendering the judgment or issuing the process was a court of competent jurisdiction and had power to give the judgment in question. *McQuire* v. *Wallace* (1887), 109 Ind. 284, 10 N. E. 111; *People, ex rel.*, v. *Liscomb* (1875), 3 Hun. (N. Y.) 760, 60 N. Y. 559; Church, Habeas Corpus (2d ed.) §268; Cooley, Constitutional Limitations (5th ed) 503.

It is not to be assumed that a court of general jurisdiction has in any case proceeded to adjudge upon matters over which it has no authority; and its jurisdiction is to be presumed whether there are recitals in its record to show it or not. Church, Habeas Corpus §267.

By statute, it is provided that in proceedings in *habeas corpus*, no court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him from commitment when the term of commitment has not expired, in either of the cases following: "2. Upon any process issued on any final judgment of a court of competent jurisdiction." §1200 Burns 1926, §1119 R. S. 1881.

When persons are held by warrants issued by courts of competent jurisdiction on legal charges duly presented, the legality of restraint cannot be investigated collaterally. *Wentworth* v. *Alexander* (1879), 66 Ind. 39; *McLaughlin* v. *Etchison* (1891), 127 Ind. 474, 27 N. E. 152, 22 Am. St. 658; *Pritchett* v. *Cox* (1900), 154 Ind. 108, 56 N. E. 20; *Webber* v. *Harding* (1900), 155 Ind. 408, 58 N. E. 533; *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33; *Gillispie* v. *Rump* (1904), 163 Ind. 457, 72 N. E. 138; Church, Habeas Corpus (2d ed.) §371.

It has been held that unless it affirmatively appears on the face of the record that a court of general jurisdiction did not have jurisdiction of the subject-matter or of the person of the defendant, an order of commitment was not void for want of jurisdiction, and, if not thus void, the legality of the judgment or process under which the appellant was committed cannot be inquired into in a collateral proceeding. *Holderman* v. *Thompson, Sheriff* (1886), 105 Ind. 112, 5 N. E. 175.

In *Smith* v. *Hess, Sheriff* (1884), 91 Ind. 424, it is held that a judgment by a court of competent jurisdiction, valid on its face, and a valid commitment under it is an unanswerable return to a writ of *habeas corpus*. In that case, it is said that the general and correct rule, as established by the weight of authority, is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is apparent upon the face of the record. If the infirmity does not so appear, the judgment is not void, but voidable.

It appears from the return that the appellant has appealed from the judgment of the Hamilton Circuit Court, and that such appeal was pending at the time the petition for a writ of *habeas corpus* was filed in the Laporte Superior Court. The Laporte Superior Court is a court of co-ordinate jurisdiction and does not

have the power to review the proceedings of the Hamilton Circuit Court. If the decision of the Hamilton Circuit Court was wrong in determining that it had jurisdiction of the defendant in the case in which he was convicted and is now in prison in execution of such judgment of conviction, his remedy was by appeal, and, as such appeal is now pending in this court, it is not proper that its merits be considered or discussed in this opinion. *Gillispie* v. *Rump, supra.*

No reversible error appearing in the record, the judgment is affirmed.

Martin, J., concurs with an opinion.

## CONCURRING OPINION.

MARTIN, J.—The appellant brought this action for a writ of *habeas corpus* in the Laporte Superior Court alleging that he is unlawfully held as a prisoner in the Indiana State Prison. The unlawful detention is alleged to have resulted from the fact that a judgment of the Hamilton Circuit Court sentencing the appellant to imprisonment is void, because that court never acquired jurisdiction of his person or of the cause against him.

The appellee filed a verified return. The court overruled appellant's motion to strike out certain parts of this return, and also overruled appellant's exceptions to the return (which action of the court is assigned as error here) and rendered a judgment denying the petition for the writ.

Appellee contends that, since the Hamilton Circuit Court was a court of general criminal jurisdiction, was capable of acquiring jurisdiction over the appellant's person and the subject-matter of the action, and had power to render the judgment complained of, that it was a court of "competent jurisdiction," and that the La-

porte Superior Court, because of the provisions of §1200 Burns 1926, had no power to inquire into the legality of the judgment of conviction.

A judgment of a court of general jurisdiction which had jurisdiction of the person and the subject-matter and jurisdiction to render the particular judgment in question cannot be attacked in *habeas corpus* proceedings, however erroneous, irregular or unsupported by evidence it may be, the proper remedy there being by appeal; but, where it is alleged that there are radical jurisdictional defects, sufficient to render the judgment void and subject to collateral attack, and that such lack of jurisdiction can be determined from the record (the record proper is the petition and the return), *habeas corpus* is the proper remedy. Want of jurisdiction over the person or subject-matter is always ground for such relief. If the court has acted without such jurisdiction, the judgment is absolutely void, and one who is imprisoned under and by virtue of such a void judgment may be discharged from custody on *habeas corpus.* 29 C. J. 30, note 16; 12 R. C. L. 1196; *Miller* v. *Snider* (1854), 6 Ind. 1; *People* v. *Simon* (1918), 284 Ill. 28, 119 N. E. 940. As to person, see *In re Mayfield* (1890), 141 U. S. 107, 35 L. Ed. 635; *In re Reese* (1901), 107 Fed. 942; *Ex parte Reed* (1879), 100 U. S. 13, 25 L. Ed. 538; *Eureka Bank Cases* (1912), 35 Nev. 80, 126 Pac. 655. As to subject-matter, see *Hans Nielson, Petitioner* (1889), 131 U. S. 176, 33 L. Ed. 118; *Ex parte Lange* (1874), 18 Wall. 163; *Ex parte Yarbrough* (1884), 110 U. S. 651, 28 L. Ed. 274; *Ex parte Justus* (1909), 3 Okla. Crim. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483.

Statutes such as §1200 Burns 1926, providing substantially that courts shall not, in *habeas corpus* actions, inquire into the legality of any final judgment "of a court of competent jurisdiction" have uniformly been

held not to preclude inquiry into the question as to whether the court had jurisdiction. 29 C. J. 55, note 55.

A court of "competent jurisdiction" is not merely a court that is "capable" of acquiring jurisdiction, but it is a court which has jurisdiction of the person and of the subject-matter. *Babbitt* v. *Doe* (1853), 4 Ind. 355; *In re Norton* (1902), 64 Kans. 842, 849; *People, ex rel.,* v. *Liscomb* (1875), 3 Hun. (N. Y.) 760, 60 N. Y. 559.

It does not here appear that the Hamilton Circuit Court considered or determined the question which is now raised as to its jurisdiction, but it does not matter whether or not that court decided that it had authority to try and determine the case, because, if no such power existed in the court, its decision would not give it the power. Its judgment may be questioned anywhere for want of jurisdiction. Bailey, Habeas Corpus 80.

Appellee further contends that since the return to the writ shows that the identical question which appellant sought to submit to the Laporte Superior Court already had been submitted by him to this court in an appeal taken from the judgment of conviction in the Hamilton Circuit Court, that the Laporte Superior Court should under such circumstances have declined to consider the question. Ordinarily, the writ of *habeas corpus* will not be granted where there is an adequate remedy by writ of error or appeal, 29 C. J. 19, but the existence of such a remedy is not an absolute bar to the issuance of the writ. Where such remedy is not speedy and adequate, and where a petitioner is imprisoned upon a judgment which is alleged to be void and open to collateral attack, relief may be had by *habeas corpus*, although the remedy by appeal is also available. 29 C. J. 20; 12 R. C. L. 1186.

Having thus determined that the question of whether the Hamilton Circuit Court had jurisdiction of the appellant's person and of the cause is properly before us

for decision in this appeal, I shall proceed to the consideration of that quesion.

The appellant was indicted in the criminal court of Marion County, and when he filed an affidavit for a change of venue, his case was sent to the Hamilton Circuit Court for trial. Appellant's contention is that jurisdiction over the cause and over his person could only be gained by the Hamilton Circuit Court by the depositing in that court of a transcript of the proceedings in the criminal court of Marion County, duly authenticated by the signature of the clerk and the seal of said criminal court, and that since the signature of the clerk was omitted and does not appear in the transcript, that there was, in fact, no transcript at all, and that the Hamilton Circuit Court therefore did not acquire any jurisdiction.

Jurisdiction over a defendant is not conferred upon the court to which a change of venue is taken by the signature on the certificate to the transcript of the clerk of the court in which the case was pending before the change, but it is conferred by the order of the court which grants the change and directs where the case is sent for trial. The change of venue and of jurisdiction is not completed until the requirements of the statute are met with respect to the depositing of the transcript in the office of the clerk of the court to which the change is granted (§§2239, 2240 Burns 1926), but where a transcript, regular in form and sealed with the seal of the court, is deposited in the court to which the case is sent, the jurisdiction of that court attaches and the lack of the signature of the clerk of the other court, in the absence of any attack on the authenticity of the transcript, will be deemed a technical informality which might have been amended in the trial court.

The appellant admits that he never raised any juris-

dictional question in the Hamilton Circuit Court, but acquiesced in the jurisdiction exercised by it and proceeded to trial therein. He does not contend that the Criminal Court of Marion County did not grant the change of venue and order the case sent to the Hamilton Circuit Court for trial, nor does he contend that the transcript of the record transferred to the Hamilton Circuit Court was incorrect in any particular. The appellant set out as Exhibit "A" to his petition for the writ of *habeas corpus* a copy of the transcript. The appellee set out as "Exhibit 2" to his return to the petition a certified copy of the proceedings and orders taken from the order-book of the criminal court of Marion County. The certified copy of the proceedings and orders shows that the transcript of the same was correct and complete.

The appellant earnestly insists that the case of *Fawcett* v. *State* (1880), 71 Ind. 590, supports and is authority for his contention that the failure of the clerk of the criminal court of Marion County to sign the transcript prevented the Hamilton Circuit Court from acquiring jurisdiction. The record in that case shows that a purported transcript of the proceedings in the Cass Circuit Court was not signed by the clerk of the court, did not bear the seal of that court, and that until the day of trial, no record had ever been made of its receipt or filing in the Pulaski Circuit Court. This court took the view that it was not a case where merely a defective transcript had been sent to the Pulaski Circuit Court, but was a case where no transcript at all has been sent, saying: "Those writings so copied into the record, we think, were not in any legal sense a transcript of the proceedings had in this case in the Cass Circuit Court." In the case at bar, the transcript was complete and in proper form, except for the signature of the clerk to the certificate; it was a transcript, and when it was filed in the Hamilton Circuit Court, that court, by the order of the criminal court

of Marion County, became vested with jurisdiction. The defect in the certificate to the transcript could have been easily cured, and it appears that it in no way prejudiced any of the appellant's rights. While it is admitted that the proper certification and attestation for a transcript is the signature of the clerk and the affixing of the seal of the court, yet it cannot be held that the omission of the clerk's signature from the certificate to a transcript, that is in all other respects correct, will defeat the jurisdiction of the court to which the change of venue is taken.

Appellant's argument that the lack of the clerk's signature entirely divested the transcript of its character and force as a transcript is based on the following language used in the Fawcett case:

"The law required that the clerk of that [Cass Circuit] court should 'make a transcript of the proceedings and orders of court' in the cause, certified by the clerk and attested by the seal of said court, and cause such transcript and the original papers in the case to be delivered and deposited in the clerk's office of the Pulaski Circuit Court. . . . The record of this cause shows clearly and conclusively that no such transcript of the proceedings and orders of the Cass Circuit Court in the case, certified and attested as aforesaid had or has been deposited and filed in the Pulaski Circuit Court."

The statute governing the matter at that time, 2 R. S. 1876, p. 391, §78, and which is still in force (§2239 Burns 1926), is as follows:

" . . . The clerk must thereupon make a transcript of the proceedings and order of court, and, having sealed up the same with the original papers, deliver them to the sheriff, who must, without delay, deposit them in the clerk's office of the proper county and make his return accordingly."

The statement in the Fawcett case that the law re-

quired the transcript to be "certified by the clerk and attested by the seal" appears, from a citation, in another part of that opinion, of §4, 2 R. S. 1876 p. 16 (§11846 Burns 1926), to be based on that act, which reads as follows:

> "In all cases where a complete record is dispensed with, the production of papers and entries relating thereto, and all transcripts thereof, certified and attested with the seal of such court, as complete copies of all the papers and entries of such cause, shall have the same force in evidence as a transcript of a complete record thereof."

This statute relates to the force in evidence of certified copies of papers and entries and transcripts thereof, and it certainly cannot be considered as stating conclusive requirements constituting jurisdictional facts in change of venue cases.

The absence of the signature of the clerk to the certificate would, at most, only render the transcript on the change of venue defective and not void. The writ of *habeas corpus,* as has already been stated, cannot be used for the mere correction of errors, and such insufficiency could no more be questioned in a *habeas corpus* action than could the sufficiency of the indictment or affidavit on which a judgment of conviction rests. A judgment resting on a defective indictment or affidavit is erroneous but not void and in such a case *habeas corpus* will not lie. *McLaughlin* v. *Etchison* (1890), 127 Ind. 474; 12 R. C. L. 1190.

The appellant points out that no acts on the part of the defendant in a criminal case involving the deprivation of life or liberty can serve to waive that which the law makes essential, *Hopt* v. *Utah* (1885), 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262, or that which the statute prescribes as necessary in order that the court may acquire jurisdiction, *Fawcett* v. *State; supra,* but it is also

well settled that a party, by consenting to a change of venue and appearing to the action in the court to which it is removed, waives his right to complain of any mere irregularity in the manner of the change. *Clark* v. *State* (1853), 4 Ind. 268; *Burrell* v. *State* (1891), 129 Ind. 290, 28 N. E. 699.

In *Burrell* v. *State, supra,* the venue of a criminal case was changed, on motion of the defendant, from the Jackson Circuit Court to the Orange Circuit Court and a transcript was filed in the clerk's office of the Orange Circuit Court, which transcript is described in the opinion of the court as "defective." After the filing of such defective transcript, the cause was continued by consent of the parties. Subsequently, a rule was granted against the clerk of the Jackson Circuit Court directing him to amend the transcript. An examination of the record in that case shows that the certificate of the clerk was originally as follows:

"Do hereby certify that the foregoing is a true and complete copy of the proceedings and judgment of said court in the above entitled cause . . . ."

and that the certificate as amended read as follows:

"Do hereby certify that the foregoing is a true and complete copy of all the papers and proceedings of said court in the above entitled cause as appears of record in my office; that all of the original papers and files in said cause are herewith sealed up by me and delivered to the sheriff of said county to be deposited in the clerk's office of Orange county in the State of Indiana without delay; that the indictment hereto attached marked "Exhibit A" is the original indictment returned in said cause by the grand jury," etc.

Furthermore, it appears that the certificate to the transcript as originally prepared was signed by the clerk,

but did not bear any seal, while the certificate to the amended transcript was both signed and sealed. This court held that the Orange Circuit Court had jurisdiction of the case. Regarding the appellant's attack on the jurisdiction, it said:

"In our opinion, if the appellant was in a position to raise the question, it would not avail him. We think, however, he is precluded by the record from raising this point. . . . The record . . . shows . . . that the cause was continued 'by consent of parties' . . . It will be presumed, therefore, that the accused voluntarily appeared in the Orange Circuit Court at that time and submitted himself to its jurisdiction, and consented to a continuance. At that time a transcript and the files were in fact on file in that court, and such appearance and agreement constitute a waiver of any mere technical informality in the transmission and certification of the papers."

It follows that the Hamilton Circuit Court had jurisdiction over the appellant's person and of the cause, and that the judgment is properly affirmed.