No. 14,891.

KENNEGAR v. THE STATE.

CRIMINAL LAW.—*Trial upon Information.*—*Grand Jury, Sessions of.*—The circuit or criminal courts are not bound to call a grand jury for each term of court or for any particular time in a term, so that, under section 1679, R. S. 1881, a person who has been arrested in vacation for any offence, except treason and murder, and recognized to appear at the succeeding term of court, may be prosecuted upon affidavit and information if no session of a grand jury has intervened.

SAME.—*Receiving Stolen Goods.*—*Amendment of Affidavit.*—Where a defendant is charged before a justice of the peace with the offence of receiving stolen goods, and is recognized to appear in the circuit court to answer the charge, the State may there file an amended affidavit and an information thereon in which the accused is charged in separate counts with receiving stolen goods and with the larceny of the same goods.

SAME.—*Verdict.*—*Harmless Defect.*—*Judgment.*—Where a verdict is defective in a particular harmless to the defendant, a judgment which follows the verdict is not void, and sentence thereon may be pronounced.

SAME.—*Election by State.*—Where a defendant is charged in separate counts with receiving stolen goods and with the larceny of the same goods, a refusal to require the State to elect upon which count it will try the defendant is not erroneous.

SAME.—*Juror.*—*Previously Expressed Opinion.*—*New Trial.*—To entitle a defendant to a new trial on account of a previously expressed opinion by a juror, he must show affirmatively that at the time he accepted such person as a juror he was ignorant of the facts disqualifying him.

From the Starke Circuit Court.

*H. R. Robbins* and *S. J. Peelle,* for appellant.

*L. T. Michener,* Attorney General, *H. A. Steis,* Prosecuting Attorney, *J. H. Gillett, G. W. Beeman* and *J. C. Fletcher,* for the State.

OLDS, J.—The appellant was convicted of receiving stolen goods, knowing the same had been stolen. The prosecution was commenced before a justice of the peace, and the preliminary examination was held before the justice on the 2d day of March, 1889, and the defendant was recognized to

appear at the March term, 1889, of the Starke Circuit Court, which commenced on the 9th day of March, 1889.

During the March term, 1889, of said court, the prosecuting attorney by leave of court filed an amended affidavit and information. There were two counts in each, one count in each charging the crime of receiving stolen goods, and the other charging grand larceny. There was a plea in abatement filed by the defendant, which presents the question of the right of the State to prosecute a charge of felony where, as in this case, the prosecution has been commenced in vacation and the defendant recognized to appear at the succeeding term of court, and no grand jury having been empanelled at such term prior to putting the defendant upon trial.

It is contended that the statute requires the empanelling of a grand jury at each term of the circuit court, and that a person arrested in vacation and recognized to appear at a succeeding term of court, can only be prosecuted by a submission of the charge to the grand jury and the finding of an indictment.

Section 1387, R. S. 1881, requiring the clerk to draw the names of six competent persons, who shall be summoned as the grand jury for the ensuing term, and providing for the clerk issuing a venire therefor, as the court or judge in vacation may direct, does not require that the grand jury shall be summoned for any particular time in the term. The court in term, or the judge in vacation, can order them summoned to appear on any particular day of the term which he deems proper.

Section 1679, R. S. 1881, provides that "All public offences, except treason and murder, may be prosecuted in the circuit and criminal courts by information based upon affidavit in the following cases:

"*First.* Whenever any person is in custody, or on bail, on a charge of felony or misdemeanor, except treason and murder,

and the court is in session, and the grand jury is not in session or has been discharged."

This clearly contemplates that the court may be in session and the grand jury not in session at a time other than after the grand jury has been discharged, and at such time a prosecution may be by information, and if these sections which have been referred to by counsel were the only statutory provisions upon the subject, this cause was properly prosecuted on affidavit and information, and the ruling of the court in sustaining the demurrer to the plea in abatement was proper. But there is another statute, approved March 10th, 1873 (2 R. S. 1876, p. 418), which leaves the calling of a grand jury to the discretion of the court, providing it shall be convened twice in every year. This statute is consistent with the other sections relating to the empanelling of grand juries, and we are not aware of its having been repealed, and it is still in force, and is in conflict with the theory advanced by counsel, that it is imperative on the part of the court to convene a grand jury at each term of court.

It is next urged that there is a variance in the charge made in the affidavit filed before the justice of the peace and the affidavit and information filed in the circuit court, and that the court erred in overruling the motion to quash the affidavit and information.

There was an amended affidavit and information filed in the circuit court, and a motion to quash the amended affidavit and information, for the reason that the charge in the amended affidavit and information is not the same as the charge in the original affidavit filed before the justice. The affidavit before the justice charged that the defendant received the stolen goods, knowing them to have been stolen; the amended affidavit and information charge, in the first count of each, that the defendant accepted, received, and concealed the stolen goods, knowing them to have been stolen, and in the second count charge the larceny of the goods. It is clear that the charge made in both is for the

same offence. In the affidavit before the justice the only averment was that the defendant " received " the goods; in the amended affidavit and information it is alleged, in the first count of each, and upon which count the defendant was convicted, that he accepted, received and concealed, and as a precaution he is charged, in a second count of each, with the larceny of the same goods. This is proper practice. The two offences were properly joined. *Short* v. *State*, 63 Ind. 376 ; *Gandolpho* v. *State*, 33 Ind. 439 ; *Mershon* v. *State*, 51 Ind. 14 ; *Choen* v. *State*, 85 Ind. 209.

The amendment was authorized under section 1735, R. S. 1881, and the court committed no error in overruling the motion to quash the affidavit and information.

The verdict of the jury assessed the punishment of the defendant at imprisonment for one year and a fine of one dollar. The defendant moved for a *venire de novo*, which was overruled, and the ruling is assigned as error. The court should have sent the jury back and had the verdict corrected, but the defendant was not harmed by this omission, and the court did not err in pronouncing sentence. The judgment of the court is in accordance with the verdict. *Shafer* v. *State*, 74 Ind. 90.

Error is assigned on the overruling of the motion for a new trial. One cause for a new trial is the refusal of the court to require the State to elect on which count the cause should be prosecuted. This was not error. See *Short* v. *State*, *supra*, and other authorities hereinbefore cited.

The misconduct of Henry Peelle, a juror, is assigned as a cause for a new trial, and affidavits are filed in support of the motion. The affidavits show an expression of an opinion by the juror prior to the trial that the defendant was a thief, and ought to be convicted. It does not appear but that the defendant and his counsel had full knowledge of the statements and opinion of the juror before accepting him as a juror to try the case ; nor does the bill of exceptions contain his examination touching his competency as a juror ; and

it appears by the affidavits of other jurors that the juror Peelle was one of the last jurors to agree to a verdict of guilty.    To entitle the defendant to a new trial on account of a previously expressed opinion by the juror he should have shown affirmatively that he was ignorant of the facts stated in the affidavits at the time of accepting Peelle as a juror. *Achey* v. *State*, 64 Ind. 56 ; *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed June 8, 1889 ; petition for a rehearing overruled Oct. 10, 1889.