No. 17,631.

## THE STATE v. ARNOLD.

APPEAL.—By State.—Payment of Fine and Costs.—The payment by defendant to the clerk of the fine and costs imposed on him does not estop the State from taking an appeal as provided by section 1955, R. S. 1894, upon a question reserved by it.

SAME.—Criminal Law.—Right of Appeal by State. —Acquittal.— An acquittal is a condition of the right of appeal upon a reserved question conferred upon the State by section 1955, R. S. 1894, as section 1915 provides that the prosecuting attorney

may except to any opinion of the court and reserve a point of law for the decision of the supreme court, and, in case of reversal, take the reserved case to the Supreme Court, and section 1956 provides that the clerk below must certify the judgment of acquittal.

CRIMINAL LAW.—*Verdict Assessing Less than Minimum Imprisonment.*—That a verdict assesses less than the minimum of imprisonment authorized by statute, does not render it void, and the defendant waives the irregularity by failing to object at the proper time.

SAME.—*Arrest of Judgment.*—Mere defects or uncertainties in a criminal pleading, or the imperfect statement of an essential element of a public offense in an indictment therefor, will not sustain a motion in arrest of judgment.

JUDGMENT.—*Arrest Of.*—*What Amounts to.*—The sustaining of an objection by defendant to judgment upon the part of the verdict affixing imprisonment as a part of the punishment is an arrest of judgment within section 1955, R. S. 1894, providing that the State may appeal to the supreme court upon an order of the court arresting the judgment, although the motion was not based upon any of the statutory causes for arrest of judgment.

From the Whitley Circuit Court.

*W. A. Ketcham,* Attorney-General. *W. A. Glatte,* Prosecuting Attorney, *I. W. Leonard, T. R. Marshall, W. F. McNagney* and *T. H. Clugston,* for State.

*H. S. Biggs, L. W. Royse* and *A. A. Adams,* for appellee.

HACKNEY, C. J.—The appellee was charged in the lower court, by indictment in two counts, under section 2260, R. S. 1894 (section 2139, R. S. 1881), with the crime of conspiring with other persons named to obtain money by false pretense. At the trial, the court charged the jury that if the defendant should be found guilty as charged in the second count of the indictment the punishment prescribed was imprisonment in State's prison not more than seven years nor less than one year, and a fine in a sum not exceeding $1,000.00 nor less than $10.00. The verdict of the jury found

the appellee guilty as charged in the second count and affixed his punishment at imprisonment in the State's prison for the term of one year and a fine in the sum of $25.00. The verdict further found the appellee not guilty as charged in the first count.

It is conceded by appellee's counsel that the punishment prescribed for the offense charged in the second count of the indictment was by a fine not to exceed $5,000.00 nor less than $25.00 and imprisonment in the State's prison for a term not exceeding fourteen years nor less than two years. Over the objection and exception of the appellant the court rendered judgment against the appellee for $25.00 and the costs of the prosecution, and sustained the appellee's written objection to judgment upon that part of the verdict affixing imprisonment as a part of the punishment. A motion by the appellee for a new trial was withdrawn over the appellant's objection; a motion by the appellant to subject the appellee to another trial was denied, and other steps were taken, none of which do we regard as necessary to a decision of the case. The bill of exceptions presents the case upon reserved questions, and discloses that when the verdict was returned there was no objection or exception made to it by the appellee or his counsel.

The first inquiry arising in the case is upon the appellee's motion to dismiss the appeal for the alleged reason that an appeal was not authorized by the statute, there having been no acquittal of the appellee, and because of the payment of the judgment rendered on the verdict. Section 1915, R. S. 1894 (section 1846, R. S. 1881), is as follows: "The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and pro-

ceedings as may be necessary for a fair statement of the question reserved. In case of the acquittal of the defendant, the prosecuting attorney may take the reserved case to the Supreme Court upon an appeal at any time within one year. The Supreme Court is not authorized to reverse the judgment upon such appeal, but only to pronounce an opinion upon the correctness of the decision of the court below. The opinion of the Supreme Court shall be binding upon the inferior courts, and shall be a uniform rule of decision therein. When the decision of the court below is decided to be erroneous, the appellee must pay the costs of the appeal."

Section 1955, R. S. 1894 (section 1882, R. S. 1881), is as follows: "Appeals to the Supreme Court may be taken by the State in the following cases, and no other:

"First. Upon a judgment for the defendant, on quashing or setting aside an indictment or information.

"Second. Upon an order of the court arresting the judgment.'

"Third. Upon a question reserved by the State."

Section 1956, R. S. 1894 (section 1883, R. S. 1881), is as follows: "In case of an appeal from a question reserved on the part of the State, it shall not be necessary for the clerk of the court below to certify, in the transcript, any part of the proceedings and record except the bill of exceptions and the judgment of acquittal. When the question reserved is defectively stated, the Supreme Court may direct any part of the proceedings and record to be certified to them."

These statutes, it is urged, deny the right of the State to appeal in other instances than those enumerated, and this we have no doubt is correct, as shown by the cases cited to that proposition. *State* v. *Bart-*

*lett,* 9 Ind. 569; *State* v. *Hamilton,* 62 Ind. 409; *State* v.
*Hollowell,* 91 Ind. 376; *State* v. *Evansville, etc., R. R.
Co.,* 107 Ind. 581.   Such instances, briefly stated, are:
"upon reserved question, in case of acquittal;" "upon
judgment for the defendant, on quashing or setting
aside an information or indictment;" and "upon an
order of the court arresting the judgment."   The ver-
dict in the present case was one of conviction and not
of acquittal.   The error in the verdict was in assessing
a punishment less than that prescribed by the statute.
Regarding this error, for the purposes of the present
question, as against the appellee rather than in his
favor, how was he privileged to take advantage of the
error?   But three ways, under our practice, were open
to him: 1st, a motion for a new trial; 2d, a motion for a
*venire de novo;* and 3d, a motion in arrest of judgment.
Any one of these permitted an adjudication of his
rights without a complete miscarriage of justice.   It
is true that each had its objection, from his stand-
point, as it made it possible for him to be again put
upon trial for the offense charged.   He did not avail
himself of the first or the second remedy, and, no
doubt, avoided the third as far as possible.   But to
have avoided it entirely was to invent a remedy un-
known to the practice and rules of procedure.   The
remedy employed was to object to the rendition of
judgment.   Not for the statutory reasons: want of au-
thority in the grand jury or that the indictment stated
no public offense (R. S. 1894, section 1912), nor, in-
deed, for any stated reason.   Nevertheless the purpose
and effect of the remedy was to arrest the judgment.
It is provided by R. S. 1894, section 1919, that "After
verdict of guilty, or finding of the court against the de-
fendant, if judgment be not arrested or a new trial
granted, the court must pronounce judgment."   The

appellee waived the right to a new trial by withdrawing his motion therefor, and the only remaining step in denial of the right and duty of the court under the above statute was to arrest the judgment. This step was taken. It will not be an answer to this conclusion to say that the indictment was not bad and that the grand jury had authority to inquire into the offense. If the appellee attained the end wrongfully or without the sanction of the statute, that fact is no answer to the conclusion that the end was accomplished. The arrest of a judgment is simply to stay the rendition of judgment. The phrase as employed regarding appeals has no technical meaning, and the words of the statute (R. S. 1894, section 1955), "upon an order of the court arresting the judgment," do not necessarily imply the arrest of the judgment correctly and for the causes alone that are specified in section 1912, *supra.* Such an implication would rest upon the false proposition that the defendant could not give a reason for the arrest, except such as is given in the statute, and that the court could not incorrectly sustain such a reason.

It was certainly never contemplated that one convicted of a crime might employ unauthorized methods of procedure by which he could stay the rendition of judgment and at the same time say, "I will not suffer the penalty of the crime, yet, since I was not acquitted, the State is remediless." If this proceeding were possible, a verdict of conviction would become an empty ceremony and the rights of the State would be disposed of upon the inventions by counsel of new methods of practice. If a part of the necessary judgment may be defeated by such practice, all of it may be defeated. The ends of justice may not be defeated by novel methods of practice, instituted by one found guilty of crime, and simply by asserting that such

The State v. Arnold.

methods were unauthorized.  The error of the court invited by the defendant cannot be asserted by the defendant in denial of the rights of the State.  We conclude that the objection, by the appellee, to judgment upon the verdict can only be considered as the equivalent of a motion in arrest.  The action of the court in response to said objection must be treated as an order in arrest.

The payment by the appellee, of the amount of the fine and costs, was only what he was obliged to do.  It was his own act and by it he cannot prejudice the State.  No officer of the State charged with any duty in connection with the prosecution of this appeal has done an act to estop the State to continue its appeal.  The receipt of the amount of the fine and costs by the clerk was not an act of the State or its officers in charge of the appeal inconsistent with the prosecution of the appeal.  The prosecuting attorney, whose fee in the prosecution below was paid to him, whether the present incumbent in the office of prosecutor or not, is not charged with the duty of prosecuting this appeal.  That duty rests upon the Attorney-General.

The instances where the State may be estopped are very rare, and certainly never where the alleged act of estoppel is by one not charged with any duty in respect to the matter to be affected by the estoppel.  It was held in *State* v. *Tait*, 22 Iowa, 140, that the acceptance of a fine does not preclude an appeal by the State.  The motion of the appellee to dismiss this appeal is, therefore, overruled.

The only question remaining is as to the assigned error of the court in so arresting judgment.  This question might be answered by suggesting that the procedure adopted was not authorized by the statute, and, if it had been, it was not supported by any statutory

cause for arresting judgment. Upon the return of the verdict, the appellee having failed to seek a new trial, and his proceeding to arrest the judgment having been without statutory support, it was the duty of the trial court, under section 1919, *supra*, to enter judgment. We might leave the question at this point. However, further answering counsel, we will say we do not regard the verdict as void in whole or in part. While as to the element of imprisonment it was not that which the law directed, that fact resulted from an error of law committed by the trial court in erroneously instructing the jury that the minimum imprisonment was one year instead of two years. That error, if prejudicial to the appellee, could be made available only by some proper steps on his behalf. It was the direct result of misdirection to the jury, and that misdirection was an error open to attack by the appellee as other errors in instructions. If an error of the same character had resulted in a verdict of imprisonment in excess of the maximum punishment prescribed, that error should not result in the complete failure of justice which would result from holding the verdict void. Any verdict resulting from a misdirection by the court is available error, but it is too much to say that it is void. Whether such an error might become available, is a question depending upon the action of the defendant. If he does not choose to avail himself of it, the consequences fall upon him, and the failure does not add invalidity to the error. The fact that to have availed himself, in this case, of the motion for a new trial or for a *venire de novo*, it would have subjected him to another trial, does not lend strength to the claim that the verdict was void and not erroneous simply. In their contention that the verdict as to the element of imprisonment was void, the appellee's

learned counsel insist that it became so because it was outside of statutory authority. Many cases are cited and considered by counsel, but, in our opinion, the decisions of this court in principle determine this question.

Less than the statutory punishment has uniformly been held by this court not to be outside the statute, and as sufficient to support a judgment. *Griffith* v. *State*, 36 Ind. 406; *Shafer* v. *State*, 74 Ind. 90; *Kennegar* v. *State*, 120 Ind. 176; *Harrod* v. *Dismore*, 127 Ind. 338; *Nichols* v. *State*, 127 Ind. 406; *May* v. *State*, 140 Ind. 88.

The case of *Wentworth* v. *Alexander*, 66 Ind. 39, upon the question before the court, is not in conflict with the cases just cited. There was a prosecution for murder in the second degree, the verdict found the defendants guilty and affixed their punishment at two years' imprisonment, less than authorized by statute, and the case cited was for the discharge of the defendants upon the writ of *habeas corpus*. They had moved for their discharge in the principal case, and upon the overruling of that motion they moved for a *venire de novo*, which was sustained. This court held that they were not entitled to be discharged upon the writ of *habeas corpus*, but it was suggested, upon a divided opinion, that the petitioners had been in jeopardy by the prosecution. This suggestion was not only foreign to the case in hand, but it was probably incorrect, and was certainly so if the first conviction was vacated at the instance of the defendants. *Hoskins* v. *State*, 27 Ind. 470; *Commonwealth* v. *Hatton*, 3 Grat. 623; *Joy* v. *State*, 14 Ind. 139; *State* v. *Oliver*, 39 La. An. 470; 11 Am. and Eng. Ency. of Law, 960, 961; Bishop Crim. Proced., section 842; *Sanders* v. *State*, 85 Ind. 318; *Veatch* v. *State*, 60 Ind. 291.

If, as we have seen, the assessment of punishment

less than that prescribed does not render the verdict invalid, and if it permits judgment to the extent assessed by the verdict, though an entire element of punishment may be omitted, there is no reason for the variation of that rule because the omission is of a portion of the time of imprisonment prescribed by the statute. It is true that there are decisions by courts of high authority which refuse to recognize the validity of any punishment not within the letter of the statute, though that assessed is less than the minimum prescribed. To adopt the rule of those cases would require the reversal of the unbroken line of cases of this court. This we would be slow to do, not only to maintain the precedents in their full force and value, but we believe them to be sound. We had occasion in the recent case of *May* v. *State, supra,* to consider the effect of a defendant's silence when a verdict is returned assessing punishment smaller than that prescribed, and we have no reason to deny the soundness of the conclusion there reached. His silence is a waiver of the irregularity. As rediculous as it might appear that a defendant charged with crime should be required to object to an irregularity favorable to him, it is no more so than to permit him, after receiving the benefit of a diminished punishment, to ask that, by reason of that benefit, he be permitted to go scot-free.

The judgment of the circuit court is reversed, with instructions to render judgment upon the verdict as to the element of imprisonment therein.

Filed February 22, 1896.

## On Petition for Rehearing.

HACKNEY, C. J.—Counsel for appellee have supported their petition for a rehearing by an earnest and able brief, presenting again all of the questions con-

The State *v.* Arnold.

sidered originally and adding an attack upon the indictment.

Counsel expressly recognize the rule that a rehearing is never granted that points may be presented for the first time. Accepting, for the purpose of the attack, the court's conclusion that the motion of the appellee that judgment be not rendered against him, as a motion in arrest of judgment, it is insisted that the question of the sufficiency of the indictment to charge a public offense was made. It may well be doubted, we think, if that question is presented any more than that the grand jury had no authority or any other reason not stated in the motion. However, the attack made upon the indictment is that it insufficiently charges the persons to be defrauded and the persons whose money was sought to be obtained, and did not "negative the averments as to the alleged false representations." The charge was that the appellee and others conspired, etc., "to defraud divers citizens of the county of Whitley, and the public generally," and to fraudulently, etc., "obtain from divers citizens of the county of Whitley by means of said false pretenses and misrepresentations," which were then set out. While not passing upon the question, it may be well to note the cases of *Woodworth* v. *State*, 43 N. E. Rep. 933; *Chandler* v. *State*, 141 Ind. 106 ; *Campton* v. *State*, 140 Ind. 442; *Nichols* v. *State*, 127 Ind. 406, where it is held that mere defects or uncertainties in criminal pleading or the imperfect statement of an essential element of a public offense will not sustain a motion in arrest of judgment.

We have again investigated the questions originally presented, and find no reason to change our views expressed in the former opinion.

The petition is overruled.

Filed April 24, 1896.