## HUNNICUTT *v.* FRAUHIGER.

[No. 25,047. Filed October 28, 1927.]

1. JUDGMENT.—*Judgment not void when court has jurisdiction of person and subject-matter.*—Where the court trying a case has jurisdiction of the party and the subject-matter of the action, the judgment rendered therein is not void. p. 508.

2. HABEAS CORPUS.—A judgment which is not void cannot be collaterally attacked by *habeas corpus*. p. 508.

3. COURTS.—*Judgments of courts of special and limited jurisdiction invulnerable to collateral attack same as courts of general jurisdiction.*—The records of a court of inferior and limited jurisdiction are entitled to the same respect and are equally invulnerable to collateral attack as those of the courts of general jurisdiction where it is affirmatively shown that the court had jurisdiction of the subject-matter of the action and of the person of the defendant. p. 508.

4. HABEAS CORPUS.—*Judgments of courts of special and limited jurisdiction invulnerable to collateral attack by habeas corpus.*—The judgments of a court of special and limited jurisdiction are as invulnerable against collateral attack by *habeas corpus* as are those of courts of general jurisdiction where it is affirmatively shown that the court had jurisdiction of the subject-matter of the action and of the defendant. p 508.

5. HABEAS CORPUS.—*Legality of restraint on writ issued by court of competent jurisdiction cannot be investigated.*—When a person is held in custody pursuant to a writ issued by a court of competent

jurisdiction on a criminal charge duly presented in said court, the legality of the restraint cannot be investigated in a *habeas corpus* proceeding.  p. 509.

6. CRIMINAL LAW.—*Void portion of city court's judgment sentencing defendant to state prison held not to affect valid portion assessing fine nor preclude its enforcement.*—Although a city court has no power to render a judgment sentencing a defendant to imprisonment in the state prison (Acts 1921 p. 409 §11013 Burns 1926), and such part of the judgment would be void for want of jurisdiction, it would not affect the other part of the sentence that he be fined a stated amount, and the court had power and authority to enforce the collection of such fine.  p 509.

7. CRIMINAL LAW.—An excessive sentence is merely erroneous and voidable as to the excess, the whole sentence not being illegal and void because of the excess.  p 510.

8. HABEAS CORPUS.—*Habeas corpus does not lie merely because sentence is excessive.*—Habeas corpus does not lie merely because a part of the sentence on a conviction of crime is beyond the power and authority of the court, but the sentence is good as far as the power of the court extends, and invalid only as to the excess.  p. 510.

9. CRIMINAL LAW.—*Portion of city court judgment imposing fine held severable from invalid part imposing imprisonment.*—A judgment of a city court sentencing a defendant found guilty of transporting intoxicating liquor in violation of Acts 1923 p. 70 to pay a fine of $100 and to be imprisoned in the state prison for a specified period, the latter being beyond the jurisdiction of the court, is severable, the valid portion being separate and distinct from the invalid portion.  p. 510.

10. HABEAS CORPUS.—*Prisoner will not be discharged until he has served legal portion of sentence.*—Where court's sentence on conviction of a crime consists of two parts, one part authorized by law and the other unauthorized, the prisoner will not be discharged on *habeas corpus* until he has served the legal portion of the sentence. p. 510.

11. HABEAS CORPUS.—*Lighter punishment than statuatory penalty not ground for discharge on habeas corpus.*—That sentence given is less than the statutory penalty for violation of the statute for which defendant has been convicted, where the punishment imposed is not of a different kind, is not ground for discharge on *habeas corpus.*  p. 515.

12. CRIMINAL LAW.—*Authority of special judge of city court in criminal case does not end with sentence of defendant, but he should issue commitment.*—The authority of a special judge of a city court who had presided over the trial of a criminal charge does not end with the rendition of the judgment, but it is his duty to issue a commit-

ment when necessary to enforce the sentence which he has pronounced. p. 516.

13. FINES.—*Commitment of defendant not supplemental proceeding but an execution to enforce the sentence.*—A commitment of a convicted defendant, issued as a means of enforcing a fine, is not a supplemental proceeding, but is an execution to enforce the sentence of the court. p. 516.

14. HABEAS CORPUS.—*Validity of mittimus committing convicted defendant to jail cannot be inquired into by habeas corpus.*—The validity of a mittimus, issued pursuant to a judgment of a city court, in a case in which the court had jurisdiction of the subject-matter of the prosecution and of the defendant, cannot be inquired into by *habeas corpus.* p. 516.

From Wells Circuit Court; *A. Walter Hamilton,* Judge.

Petition for writ of *habeas corpus* by William Hunnicutt against Noah Frauhiger, Sheriff of Wells county. From a judgment remanding the petitioner to the custody of the defendant, the petitioner appeals. *Affirmed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*Elmore D. Sturgis,* for appellee.

WILLOUGHBY, J.—This was a petition for a writ of *habeas corpus* in which it is alleged that the appellant is unlawfully restrained of his liberty and is imprisoned by Noah Frauhiger duly elected and qualified and acting sheriff of Wells county, at the Wells county jail, in the city of Bluffton, Indiana. That the pretended cause of this restraint and imprisonment is that a certain pretended commitment was issued against the body of this petitioner commanding his arrest and imprisonment by one John H. Edris, as special judge of the city court of Bluffton, Indiana, upon failure of petitioner to pay a certain fine and costs assessed in the case of the *State of Indiana* v. *William Hunnicutt,* charging a violation of the liquor laws of the State of Indiana; which cause and pretense are wholly untrue, and that such restraint was illegal because there was no valid judgment against the

petitioner upon which an execution against his body could be legally charged. That said judgment was void for the reason that said city court was wholly without jurisdiction. That said John H. Edris, special judge, had no authority to issue such commitment against the body of this petitioner. That the pretended judgment rendered in the case of the *State* v. *William Hunnicutt,* aforesaid, was a fine of $100 and costs, and imprisonment in the Indiana state prison for a period of not less than one year nor more than two years.

The return to the writ is as follows: Comes now Noah Frauhiger, the defendant and the person to whom the said writ of *habeas corpus* was directed, and says: that he is now and was at the time said writ was issued the sheriff of Wells county, State of Indiana, and *ex officio* the keeper of the jail of said Wells county, and for his answer and return thereof, upon his oath says that the said William Hunnicutt was, on September 27, 1924, arrested by virtue of a warrant issued from the court of the mayor of the city of Bluffton, Indiana, charging him with a violation of the liquor laws of the State of Indiana. That said affidavit was based upon ch. 23, of the acts of 1923. That the defendant, William Hunnicutt, entered a plea of guilty of transporting intoxicating liquor as charged in the first count of the affidavit. That at all stages of said hearing in said court before the said John H. Edris as special judge, the said William Hunnicutt was represented by an attorney. That said William Hunnicutt was adjudged guilty upon his said plea and he was fined in the sum of $100 and also sentenced to the Indiana state prison for a period of not less than one year nor more than two years. That the part of the said judgment assessing a sentence to the Indiana state prison was suspended by the court. That no appeal from said judgment was taken by the petitioner and that said judgment has never been appealed and has never

been reversed and is in full force and effect to this date. That the said William Hunnicutt has failed to pay said fine and costs so assessed and that the same remain due and wholly unpaid to this day. That on June 6, 1925, the said John H. Edris, special judge aforesaid, issued a commitment to Henry Gehrett, the marshal of the city of Bluffton, Indiana, commanding the said Henry Gehrett, as said city marshal, to apprehend the said William Hunnicutt, and to deliver said Hunnicutt to the custody of this defendant as the jailer of Wells county, Indiana, then and there to be confined in the jail of said county, for 130 days for the failure of said Hunnicutt to pay the said fine and costs so assessed against him by said court. That said Hunnicutt was taken into the custody of said Henry Gehrett, the city marshal, by virtue of said writ of commitment, and that said Hunnicutt was then and there delivered into the custody of this defendant as the jailer of said Wells county, Indiana; that said William Hunnicutt is now in the custody of this defendant by virtue of said writ, and in no other way, and that a copy of said writ of commitment is filed herewith and made a part hereof. And the defendant prays the court that said petition for said writ of habeas corpus be quashed. And that said William Hunnicutt be continued in the custody of this defendant for the space of time set forth in said writ of commitment and that this defendant be awarded his costs herein expended and for all other proper relief in these premises.

The plaintiff filed exceptions to this return as follows: The undersigned, the plaintiff in the above entitled cause, herewith files his exceptions to the return of the writ of *habeas corpus* by the defendant, Noah Frauhiger, and hereby excepts to said return and says that said return is not a defense to the plaintiff's complaint herein, in this: That it shows that the judgment rendered in the case of the *State of Indiana* v. *William Hunnicutt*,

was rendered in the city court of Bluffton, Indiana; that said court is one of limited jurisdiction and has no jurisdiction to pass sentence in a criminal case and to render judgment therein to exceed six months imprisonment, nor has it any jurisdiction whatever in cases where the penalty exceeds imprisonment for six months. That the fact that the said William Hunnicutt was represented by an attorney and that such attorney was present when said judgment was pronounced by the court, and the said defendant, William Hunnicutt, at that time made and filed no objections against said judgment, and that no objection was taken on behalf of the defendant, and that said judgment had never been appealed from and never reversed and is in full force and effect to this date, are not valid defenses to the plaintiff's complaint, for the reason that said court had no jurisdiction whatever to render such judgment, and that the failure to object, either by the defendant or his attorney, or to appeal therefrom, would not in any way confer such jurisdiction upon said court, and for the further reason that said judgment is void as shown by said return. That the power of the city court is fixed by the statutes of the State of Indiana, and that jurisdiction to exceed such powers could not be conferred by any act of the defendant or his attorney. That power and jurisdiction of said John H. Edris, as special judge in said cause, ended with the rendition of the judgment and that the said special judge had no power to issue said writ of commitment. The plaintiff refused to plead further and the cause was tried upon the pleadings.

The court overruled the plaintiff's exceptions to the return of said writ and rendered judgment as follows: "The court, being sufficiently advised in the premises, renders judgment against the petitioner, and in favor of the defendant. It is, therefore, considered and adjudged by the court that the petitioner has not been, and is not

now, unlawfully restrained of his liberty by the defen-
dant.   It is further considered and adjudged by the
court that the said petitioner should be remanded to the
custody of the defendant.   It is further considered and
adjudged by the court that the defendant should recover
of and from the petitioner his costs made, laid out and
expended in this cause."

The appellant appeals from this judgment and relies
upon the following alleged errors for reversal:    (1)    The
court erred in overruling the exceptions of the plaintiff
to the return of the defendant to the writ of *habeas corpus;*
(2) that the return of the defendant to the writ of *habeas
corpus* does not state a defense to plaintiff's cause of
action, and the court erred in holding that said return
was sufficient.

These two separate assignments of error, numbered
one and two, raise the same question of law.    The ap-
pellant contends that the return shows upon its face that
the judgment entered in the case of the *State of Indiana*
v. *William Hunnicutt,* was rendered in the city court of
Bluffton, Indiana, and that said court is one of limited
jurisdiction, and has no jurisdiction to pass sentence in
a criminal case and to enter judgment therein to exceed
six months in prison, nor has it any jurisdiction whatever
in a case where the penalty exceeds imprisonment of six
months.

The appellant was charged in the city court of the
city of Bluffton, with unlawfully transporting intoxicat-
ing liquor under §1, ch. 23, Acts 1923 p. 70, and pleaded
guilty to said charge.    The penalty provided for, in a
violation of said statute, is as follows:   "Any person
violating this section, upon conviction, shall be fined
not less than $100 and not more than $500, to which shall
be added imprisonment in the county jail of not less than
thirty days nor more than six months,   .   .   .   ."

The city court, by §2, ch. 161, Acts 1921 p. 409, had

power to render judgment for a fine in any sum not exceeding $500 or adjudge imprisonment for any time not exceeding six months in the county jail, workhouse or other lawfully designated place of confinement, or both, and therefore had jurisdiction to render judgment for the maximum penalty for a violation of the above statute. The judgment pronounced by the city court was a final judgment.

Where the court has jurisdiction of the party and the subject-matter of the action, the judgment rendered thereon is not void. Church, Habeas Corpus §372; *Lowery* v. *Howard* (1885), 103 Ind. 440, 3 N. E. 124; 29 C. J. 51, §46, note 34; *McLaughlin* v. *Etchison* (1891), 127 Ind. 474, 22 Am. St. 658.

1.

The statute on *habeas corpus* provides as follows: "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . Second, upon any process issued on a final judgment of a court of competent jurisdiction." §1176 Burns 1914, §1200 Burns 1926.

A judgment which is not void cannot be attacked collaterally by *habeas corpus*. The records of a court of inferior and limited jurisdiction are entitled to the same respect and are equally invulnerable to collateral attack as those of courts of general jurisdiction where it is affirmatively shown that the court had jurisdiction of the subject-matter of the action and of the person of the defendant. *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33.

2-4.

Appellant admits that the court had jurisdiction of the subject-matter and of the person of the appellant, but claims that the judgment under which the plaintiff is held is illegal because the court lost jurisdiction by assessing an excessive penalty.

It appears from the appellant's complaint that the restraint of which he complains is not under the part of the judgment which exceeds the jurisdiction of the court. The court had a right to assess a fine of $100 and enforce the collection thereof by imprisonment, but the appellant claims that the judgment is void because there is afterward entered a judgment that the appellant shall be imprisoned in the state prison from one to two years, and this judgment is suspended. So, the imprisonment of which the appellant complains has nothing to do with the part of the judgment which he alleges to be void, but is solely upon the part assessing a fine of $100, which the court, under the statute, had a right to impose. It is not claimed that the appellant is imprisoned under that part of the sentence which attempts to commit him to the state prison not less than one nor more than two years. When persons are held by warrants issued by courts of competent jurisdiction on criminal charges duly presented, the legality of the restraint cannot be investigated. *McLaughlin* v. *Etchison, supra; Pritchett* v. *Cox* (1900), 154 Ind. 108, 56 N. E. 20; *Peters* v. *Koepke, supra; Gillspie* v. *Rump* (1904), 163 Ind. 457, 72 N. E. 138; *Webber* v. *Harding* (1900), 155 Ind. 408, 58 N. E. 533.

It is conceded that the court in this case did not have power to sentence appellant to the state prison, but the court did have power to assess a fine of $100 and to enforce the collection of such fine, and this power was not in any manner affected by the erroneous clause in the sentence. Church, Habeas Corpus §353, §353a; 29 C. J. 58, §50 and notes; 16 C. J. 1312; *Halderman's Case* (1913), 53 Pa. Super. 554, 557.

The prevailing rule is that an excessive sentence is merely erroneous and voidable and that the whole sentence is not illegal and void because of the excess. That

it is good on *habeas corpus* so far as the power of the court extends and invalid only as to the excess. Church, Habeas Corpus §353; *In re Fanton* (1898), 55 Nebr. 703; *State, ex rel.,* v. *Reed* (1917), 138 Minn. 465.; *Wallace* v. *White* (1916), 115 Me. 513; *Reese* v. *Olsen* (1914), 44 Utah 318; 16 C. J. 1312, §3093, Crim. Law; *United States* v. *Holtz* (1923), 288 Fed. 81; *People, ex rel.,* v. *Eller* (1926), 323 Ill. 28, 153 N. E. 597, 49 A. L. R. 490.

In the instant case, the sentence is severable, that is, the part imposing the fine is distinct and separate from the part inflicting the imprisonment. Where the court pronounces a severable sentence, one part of it being authorized by law and another distinct part not so authorized, the prisoner will not be discharged on *habeas corpus* until he has served out the legal portion of the sentence. Church, Habeas Corpus (2d ed.) §§365, 373.

Where a court has power to sentence to fine *or* imprisonment and sentences to fine *and* imprisonment, the sentence is separable, and on payment of the fine or on serving the imprisonment, accused must be discharged. *Ex parte Lange* (1873), 18 Wall. (U. S.) 163, 21 L. Ed. 872; *In re Feeley* (1853), 12 Cush. (66 Mass.) 598. So where the statute fixes the punishment at not exceeding six months imprisonment or a fine, or both, and the sentence is for three years, the prisoner should be released at the expiration of six months. *Ex parte Bulger* (1882), 60 Cal. 438. Under Pen. Code §1205, authorizing the court, in its discretion, to direct that the defendant be imprisoned until the fine is satisfied, the imprisonment thus provided for is no part of the punishment and the clause in a judgment imposing a fine which directs imprisonment for the purpose of enforcing payment is distinct and separable from the rest of the judgment, and its invalidity and resulting elimination does not affect

the validity of the rest of the judgment. *In re Sullivan* (1906), 3 Cal. App. 193, 84 Pac. 781.

The invalidity in the part of a judgment in a misdemeanor case, which, after imposing a fine and imprisonment, directed a further imprisonment until the fine was satisfied, was severable from the valid part of the judgment imposing imprisonment and the payment of a fine, so as to leave the valid part standing. *Reese* v. *Olsen supra.*

In *In re Taylor* (1895), 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. 843, it is held that where the court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence in excess open to question and attack. The petitioner, William W. Taylor, presented to this court his petition for a writ of *habeas corpus* alleging therein that he was illegally restrained of his liberty by the sheriff of Hughes county. The petitioner set forth in his petition a copy of the indictment, his plea thereto, and judgment of the circuit court of Hughes county. This court thereupon issued its writ of *habeas corpus* to the sheriff of said Hughes county, who, in obedience to the command in said writ contained, brought before this court the said petitioner, and made return of the cause of his imprisonment, and detention by him as sheriff of said county. From the petition and the return, which contain copies of the same indictment, plea and judgment, it appears that the petitioner was indicted by the grand jury of Hughes county for the crime, as stated generally in the indictment, of embezzlement. To this indictment the prisoner pleaded guilty as charged in the indictment, and the petitioner was thereupon adjudged by the circuit court to be imprisoned in the state prison of the State of South Dakota for the period of five years.

It is contended in this case that the law under which the petitioner was indicted did not authorize the court to impose a sentence of imprisonment for a period exceeding two years, and that, as the sentence imposed was for a period of five years, the judgment is void and the petitioner is entitled to be discharged from custody. In that case, the court says: "There is an irreconcilable conflict in the authorities upon the question as to whether such judgment is void as to the entire sentence, or only void as to the excess. After a careful consideration of the subject, and an examination of nearly all the authorities cited, we are of the opinion that the weight of authority at the present time is that such a judgment is valid to the extent that the court had power or authority to sentence a defendant, and only void as to the excess, and that a defendant may lawfully be held under such a judgment for the period for which the court had power and authority to sentence him."

In the same case, the court says:

"In the case at bar, we see no difficulty in separating the sentence for two years, for which it is conceded the petitioner might have been sentenced, from the three years, assumed by us and claimed by counsel to be in excess of the time the petitioner could have been sentenced. Neither the Supreme Court of Wisconsin, nor the Supreme Court of the United States seems to have discovered any difficulty in so separating the valid from the invalid portions of the sentence. The decision In re Fridgeon, read in connection with In re Graham, 138 U. S. 461, fully interprets the meaning of that court in the use of the expression, when such excess is separable, and may be dealt with without disturbing the valid portions of the sentence. Ten years, says the court, in effect, . . . is easily separable from the three years, the void excess in the judgment. 'When the ten years have expired' . . . 'probably the court will order the prisoner's dis-

charge, but until then he has no right to ask the annulment of the entire judgment'."

In the case of *Wallace* v. *White, supra,* the same doctrine is affirmed as announced in *In re Taylor, supra.* In the Wallace case, the petitioner was sentenced in the lower court to imprisonment and the payment of a fine and costs. On appeal, he was defaulted, and it was held that the sentence was not wholly void but was void only as to the additional costs, and that, not having served the lawful sentence of imprisonment and not having paid the fine and costs lawfully imposed by the lower court, the petitioner is not entitled to discharge on *habeas corpus.*

In *Ex parte Mooney* (1885), 26 W. Va. 36, 53 Am. Rep. 59, it is held that where a court has jurisdiction of the subject-matter and of the person, and it pronounces a severable judgment or sentence, one part of which is authorized by law and another distinct part is not so authorized, the prisoner will not be discharged on *habeas corpus,* when it does not appear that he has undergone the full punishment imposed by the legal portion of the sentence.

In a West Virginia statute, §9, ch. 118, Acts 1882, it is provided that "If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury, with intent to maim, disfigure, disable or kill, he shall, except when it is otherwise provided, be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars." The judgment under that statute was that the prisoner be conveyed to the penitentiary

of the state and be confined therein for the period of one
year, and treated therein as prescribed by law, and that
he pay a fine of $100 and costs.    In that case, the court
held that the sentence was separable.    As to that part
which the court had power to pronounce, the sentence
is necessarily valid in a proceeding upon *habeas corpus*,
because in such proceeding the court has no power to
modify or correct the sentence.    If the judgment is void,
it will discharge him, but if it is not void, though it may
be erroneous and voidable, this court must remand him
and nothing more.    It was held that the petitioner
should not be discharged because he had not undergone
the full punishment imposed by the valid portion of the
sentence.    The same doctrine has been upheld in
*People, ex rel.*, v. *Baker* (1882), 89 N. Y. 460.    In that
case, the offense of which the prisoner was convicted was
described as an assault and resisting an officer.    The
sentence was imprisonment for one year and a fine of
$500, and the prisoner to stand committed until the fine
was paid, not exceeding one day's imprisonment for each
dollar of the fine.    It was held that this did not describe
the crime within the meaning of the statutory provision
declaring that offense, but simply showed a conviction
for an assault and battery.    Under conviction for
assault and battery, the appellant could have been sen-
tenced to imprisonment for one year and pay a fine of
$250, the judgment being that he had been sentenced to
imprisonment for the term of one year and pay a fine of
$500, was in excess of the punishment prescribed by law.
The court there held that he would not be entitled to his
discharge on a writ of *habeas corpus* until he had served
the one year of imprisonment and said, "that is a sepa-
rate portion of the sentence, independent in itself, and
the balance of the sentence can be disregarded.    The
whole sentence is not illegal and void and not in excess."

In regard to sentences which are lighter than the

minimum punishment provided by the statute, the rule in most jurisdictions is that where the punish- ment imposed is not of a different kind from that which the statute prescribes, accused cannot claim to have been prejudiced thereby and is not entitled to an appeal. Nor is such a sentence ground for discharge on *habeas corpus* because of the insufficiency of the punishment imposed. Hence, where a party convicted ought under a statute to be sentenced to two distinct and independent punishments, as fine and imprisonment, it is not error nor ground for his discharge that he is sentenced to one only of such penalties. 16 C. J. p. 1311, §3092, Crim. Law. See *Miller* v. *State* (1898), 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *Skelton* v. *State* (1898), 149 Ind. 641, 49 N. E. 901; *State* v. *Arnold* (1896), 144 Ind. 651, 43 N. E. 871; *Nichols* v. *State* (1891), 127 Ind. 406, 26 N. E. 839; *Harrod* v. *Dismore, Sheriff* (1891), 127 Ind. 338, 26 N. E. 1072; *May* v. *State* (1895), 140 Ind. 88, 39 N. E. 701; *State, ex rel.,* v. *Klock* (1896), 48 La. Ann. 67, 18 So. 957, 55 Am. St. 259.

There are cases holding that where two distinct punishments for an offense are prescribed and but one is assessed, the defendant cannot complain. *Dillon* v. *State* (1883), 38 Ohio St. 586; *State* v. *Price* (1829), 11 N. J. Law 241; *Kane* v. *People* (1831), 8 Wend. (N. Y.) 203; *McQuoid* v. *People* (1846), 8 Ill. 76; *Barada* v. *State* (1850), 13 Mo. 94.

In *Dillon* v. *State, supra,* it is said, where the sentence imposed, whether of fine or imprisonment, is authorized by the statute, the failure of the judge to discharge his whole duty by imposing both the fine and imprisonment provided by law will not warrant a reversal. The sentence in such case being warranted, the defendant is not prejudiced by the error of the court in failing to inflict upon him the additional punishment.

Less than the statutory punishment has uniformly

been held by this court not to be outside the statute and as sufficient to support a judgment. *State* v. *Arnold, supra; Griffith* v. *State* (1871), 36 Ind. 406; *Shafer* v. *State* (1881) 74 Ind. 90; *Kenneger* v. *State* (1889), 120 Ind. 176, 21 N. E. 917; *Harrod* v. *Dismore, Sheriff, supra; Nichols* v. *State, supra; May* v. *State, supra.*

The special judge had all the duties and powers of the mayor or city court and one of these duties was to issue the commitment to enforce the judgment, which 12, 13. he had pronounced. The commitment is an execution to enforce the valid part of the judgment and not a supplemental proceeding and comes within the powers and duties of the special judge.

A mittimus issued pursuant to a judgment rendered by a police judge in a case in which he had jurisdiction of the subject-matter of the action and of the person 14. of the defendant cannot be inquired into by a writ of *habeas corpus. Webber* v. *Harding, supra.*

Finding no reversible error in the record, the judgment is affirmed.

Martin, J., dissents with opinion.

### DISSENTING OPINION.

MARTIN, J.—The act under which appellant was convicted (Acts 1923 p. 70) provides: "that any person violating this section, upon conviction shall be fined not less than $100 nor more than $500, *to which shall be added* imprisonment *in the county jail* of not less than thirty days nor more than six months, for the first offense . . . ." It further provides that: "the court trying cases under this section shall not have the power to suspend the sentence either upon a conviction or a plea of guilty."

The act defining the jurisdiction of the city judge provides (Acts 1921 p. 404, §2) that he: "shall have power to assess a fine in any sum not exceeding $500 or adjudge

imprisonment as part of the sentence for any time not exceeding six months in the county jail, workhouse or other lawfully designated place of confinement, or both."

The special judge of the city court either without knowledge of the law or in gross disregard of what he knew the law to be, rendered judgment in the case of *State of Indiana* v. *William Hunnicutt* assessing a fine of $100 and costs and *imprisonment in the Indiana State Prison for a period of not less than one year nor more than two years.*

It is elemental that the judgment of the court may be attacked in the collateral proceeding of *habeas corpus,* if the court: (1) did not have jurisdiction over the defendant; (2) did not have jurisdiction over the subject-matter; or (3) *did not have jurisdiction to render the particular judgment in question.* 29 C. J. 31, Brown, Jurisdiction (2d. ed.) §110, note, 87 Am. St. 173. Church, Habeas Corpus (2d. ed.) §368, names four elements of jurisdiction: (1) Person; (2) place; (3) subject-matter; and (4) "jurisdiction of the court to render the particular judgment in question," citing many cases to support the last named element. In 12 R. C. L. 1197 it is said:

"While some of the earlier decisions inclined to the view that when a court had jurisdiction of the subject-matter and of the person of the defendant its judgment was conclusive on habeas corpus, it is now generally conceded that in order to render a judgment immune from attack the court must have had not only jurisdiction of the subject-matter and of the person of the defendant, but also authority to render the particular judgment in question, and if either of these elements is wanting the judgment is fatally defective and open to collateral attack. Jurisdiction to render the particular sentence imposed is deemed as essential to its validity as jurisdiction of the person or subject-matter."

A court is not a court of "competent jurisdiction" within the meaning of §1200 Burns 1926 unless it has jurisdiction as above set out.    Such statutes prohibiting inquiry into a detention under the judgment of a court having jurisdiction do not preclude an examination into the question of jurisdiction.    29 C. J. 32.

I do not believe that the city court of Bluffton had jurisdiction to render the judgment in question here. It is not merely a case where a court decided wrong when it should have decided right, but is a case where the judgment is entirely void and not merely erroneous. The words *"to which shall be added imprisonment"* in the act as quoted above convince me that the city court did *not* have power "to assess a fine of $100 and to enforce the collection of this fine" as is stated in the prevailing opinion.    Under this statute the city court could not impose a fine *only* but was required on a finding of guilty to impose a judgment of *fine and imprisonment,* and was expressly divested by the same statute of power to suspend its sentence of imprisonment.    The part of such a judgment imposing the fine, for that reason is not severable from the part imposing the imprisonment, and the cases relating to "severable sentences" are thus clearly distinguished.

Likewise the cases cited involving "excessive sentences" are not applicable here.    The principle of those cases applied here would be that a fine of less than $500 and imprisonment up to six months would be valid and enforceable and the additional imprisonment beyond six months would be void.    But the distinguishing feature of this case is that the imprisonment assessed was in the *Indiana State Prison,* where the minimum sentence is one year, and a sentence to one year in a prison cannot by any possible means be divided up into a valid six months imprisonment in a jail and a void six months imprisonment in a state prison.

The appellant having received a void sentence should be released on *habeas corpus,* but he should be remanded to the sheriff of Wells county to be by him detained for proper sentence by the city court of Bluffton. *In re Charles Harris,* (1896), 68 Vt. 243, 35 Atl. 55; *In re Bonner* (1893), 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149. In the first of the cases just cited the court said:

"The court had no power to sentence the petitioner to imprisonment in the state prison; it had no jurisdiction to impose such a sentence. There is, consequently, no escape from the conclusion that the sentence was in violation of the statute. In imposing the sentence, the court exceeded its powers, and its action, therefore, was void. *In re Mills,* 135 U. S. 263." . . . "The record before us shows that the petitioner was properly convicted. The error was in the sentence, and there does not seem to be any good reason why jurisdiction of the petitioner should not be reassumed by the court in which he was convicted, that he may be properly sentenced. To prevent the defeat of justice we may well remand the petitioner to the custody of the sheriff of Caledonia county, that he may be taken before the county court and sentence properly imposed. *In re Bonner,* 151 U. S. 242."

In the Bonner case the United States Supreme Court said:

"A question of some difficulty arises, which has been disposed of in different ways, and that is as to the validity of a judgment which exceeds in its extent the duration of time prescribed by law. With many courts and judges—perhaps with the majority—such judgment is considered valid to the extent to which the law allowed it to be entered, and only void for the excess. Following out this argument, it is further claimed that, therefore, the writ of *habeas corpus* cannot be invoked for the relief of a party until the time has expired to which the judgment should have been limited. But that

question is only of speculative interest here, for there is here no question of excess of punishment. *The prisoner is ordered to be confined in the penitentiary, where the law does not allow the court to send him for a single hour. To deny the writ of habeas corpus in such a case is a virtual suspension of it;* and it should be constantly borne in mind that the writ was intended as a protection of the citizen from encroachment upon his liberty from any source—equally as well from the unauthorized acts of courts and judges as the unauthorized acts of individuals." (My italics.)

The court held that the petitioner was "entitled to a writ of *habeas corpus* directing his discharge from the custody of the warden of the state penitentiary, but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law upon the verdict against him."

I believe that the judgment in the instant case should be reversed and that the Wells Circuit Court should be directed to sustain appellant's exceptions to the return of the writ of *habeas corpus,* and discharge appellant from the custody of the sheriff under the void order of the city court of Bluffton, but without prejudice to the right of the State of Indiana to have appellant sentenced in accordance with law upon the finding against him and remanding appellant to the custody of said sheriff in order that the city court of Bluffton may deal with him according to law.