HERBERT W. PATTON *v.* STATE OF INDIANA.

[No. 770S160. Filed November 29, 1971. Rehearing denied January 27, 1972. Certiorari denied April 17, 1972.]

This case was transferred and reassigned to this office on November 8, 1971.

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction for Theft of Property to wit: a Leach Courtroom Recorder valued at one thousand five hundred dollars ($1500.00). Appellant was sentenced to not less than one (1) nor more than (10) years, and was disfranchised and rendered incapable of holding any office of trust or profit for the term of his sentence. On November 17, 1969, appellant was charged by affidavit with receiving stolen goods, and on November 26, 1969, appellant waived arraignment and entered a plea of not guilty to the charge. On January 26, 1970, the State filed an additional count charging appellant with theft of stolen property to which the appellant also entered a plea of not guilty. The State then filed a motion to nolle the first count which was granted by the court. A trial by jury was held which found the appellant guilty.

The only issue raised in this appeal is whether there was an error of law and abuse of discretion committed by the trial court when it refused the first verdict returned by the jury. After being instructed by the trial court, including instructions on possible penalties, the jury retired. The jury returned a verdict which the trial court found incomplete and it directed the jury to retire and continue deliberations. This verdict is not contained in the transcript of the record. The jury then returned a verdict which reads as follows:

"We, the Jury, find the defendant, Herbert Wayne Patton, guilty of Theft of Property as charged by Count Two of the affidavit, and that he be imprisoned for not more than one (1) year and be disenfranchised and rendered incapable of holding any office of trust or profit for one (1) year . . . and that his age is forty-four (44) years."

The trial court found this verdict not to be in compliance with the law and ordered the jury to retire again and continue deliberations. The jury asked to be reinstructed and the trial court re-read all its instructions. The appellant objected to the refusal of the verdict which was overruled. The appellant then moved for leave to withdraw his plea of not guilty and asked leave to plead guilty to Theft in a Sum less than One Hundred Dollars ($100.00). The prosecutor refused to consent, and therefore the motion to plead guilty to the lesser included offense was overruled.

The jury then returned and requested to be instructed on the penalties. With the consent of both parties, the trial court instructed the jury on the possible penalties, and defense counsel also informed the jury on various penalties. The jury again retired to deliberate and returned with a verdict which reads as follows:

> "We, the Jury, find the defendant, Herbert Wayne Patton, guilty of Theft of Property as charged by Count Two of the affidavit, . . . and that he be imprisoned for not less than one (1) nor more than ten (10) years and be disenfranchised and rendered incapable of holding any office of trust or profit for term of sentence and that his age is forty-four (44) years."

Appellant was then asked if he wished to poll the jury and he declined. Appellant was sentenced in accord with this last verdict.

Appellant contends the prior verdict should have been accepted as a verdict on the lesser offense of Theft of Property in a Sum less than One Hundred Dollars ($100.00), and that it was error for the trial court to send the jury back for further deliberations. The State asserts this was not error because the prior verdict returned by the jury did not conform with the statute covering the offense charged.

The assertion of the State must prevail. The first verdict found the appellant guilty of the offense as charged by Count Two of the affidavit, and the affidavit set the value

of the stolen property at one thousand five hundred dollars ($1500.00). According to the statute, IC 1971, 35-17-5-12 (Ind. Ann. Stat. § 10-3039 [1970 Supp.], the penalty for theft of property valued at one hundred dollars ($100.00) or more is not less than one (1) nor more than ten (10) years. However, the penalty the jury assessed in its verdict was for imprisonment of not more than one (1) year. This penalty is also contained in the statute and is applicable when the value of the property stolen is less than one hundred dollars ($100.00). Instructions and verdict forms were given to the jury for both offenses. The jury used the verdict form for the greater offense but changed "not less than one (1) year" to "not more than one (1) year," and then crossed out the words "nor more than ten (10) years." It was therefore unclear from the first verdict upon which offense appellant was found guilty. The verdict found him guilty according to Count Two (2) of the affidavit which valued the property at more than one hundred dollars ($100.00) and all the evidence presented on the issue indicated the value of the property to be well over one hundred dollars ($100.00), but the penalty stated in the verdict would be for the offense of theft of property valued at less than one hundred dollars ($100.00).

Since the verdict was apparently contradictory, it was entirely proper for the trial court to refuse to accept the verdict and to send the jury back for further deliberations. If a jury's verdict is defective in substance it is the trial court's duty to have the verdict amended before its members separate. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852. See also, *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193. The trial court did not order the jury to change the penalty nor to change the verdict. When the jury requested instructions the trial court re-read all the instructions previously given. When the jury later asked for instructions on the possible penalties in the case, the trial court instructed them on this matter and allowed defense counsel to inform the jury on various penalties. The

trial court in no way indicated which may it felt the jury should decide. The jury, after deliberation, then returned a verdict of guilty of the offense charged with a penalty of not less than one (1) nor more than ten (10) years.

The case of *Moore* v. *State, supra,* contains facts quite similar to the facts in the case at bar. In that case the defendant was charged with reckless homicide. The jury returned a verdict of guilty to the offense charged and written below the verdict was a statement that the jury received to give the defendant a five year suspended sentence. The trial court found this verdict defective and ordered the jury to correct its verdict. The jury then returned a verdict with a sentence of not less than one (1) nor more than five (5) years. Upon review this Court stated that when the trial court notices a defect in the verdict before the jury is discharged, it may order the jury to retire and correct its error. It was then stated that, under Burns' § 9-1821 (now also IC 1971, 35-8-2-3) concerning indeterminate sentences for persons over thirty (30) years of age, where the verdict found the defendant guilty as charged in the indictment and stated his age, the remainder of the verdict relating to the extent of punishment was mere surplusage. When the above statute applies, the jury cannot fix a penalty which will bind the court in passing sentence upon a verdict of guilty, but the court must give the sentence provided by law.

In the case at bar, the jury found the appellant guilty of the offense charged in the affidavit which calls for an indeterminate sentence and stated his age to be forty-four (44) years. Thus, according to *Moore* v. *State, supra,* the remainder of the verdict concerning the imprisonment could have been considered surplusage. See also, *Powell* v. *State* (1968), 250 Ind. 663, 237 N. E. 2d 95 stating that where the jury found appellant guilty of a felony and the conviction falls within the purview of IC 1971, 35-8-2-3 (Ind. Ann. Stat. § 9-1821 [1956 Repl.]), the jury has no jurisdiction to fix the amount of punishment. However, in this instance, the situation is slightly

426

different. There was in this case the possibility that the verdict *might* have been intended to be a guilty verdict to the lesser offense. The trial court therefore took the only steps possible to avoid any misunderstanding which might arise.

Appellant cites *State* v. *Arnold* (1896), 144 Ind. 651, 42 N. E. 1095, for the proposition that a verdict containing less than the minimum imprisonment authorized by statute is not void. However, in that case this Court did consider it an irregularity and merely stated appellant could not attack the judgment on appeal on this basis since it was of benefit to appellant and he did not object at the time. One of the cases cited in *Arnold* for this proposition is *Kennegar* v. *State* (1889), 120 Ind. 176, 21 N. E. 917, and it was there stated that the court should have sent the jury back and had the verdict corrected, but the defendant was not harmed so the verdict would be allowed to stand. Thus, it is apparent that the *Arnold* case is not relevant to the issue here, and, if anything, based on *Kennegar*, supports the actions taken by the trial court in this instance.

Clearly, no error arose from the trial court's actions and no prejudice accrued to the appellant. The trial court not only acted within its discretion but was duty bound to take the action it did.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 794.